DECKER *vs.* ANDERSON and SNYDER.

It is no defense to an action against sureties in an undertaking given on commencing an action to recover the possession of personal property, under the code, that having been excepted to by the defendant in that action, they failed to justify.

The defendant's proceeding in the replevin suit, after excepting to the sureties and their failure to justify, and especially his institution of an action upon the undertaking, may be regarded as an election to *waive* the exception to the sureties, *it seems. Per* HOGEBOOM, J.

Where the promise, in an undertaking, is to the defendant—to return the property if a return shall be adjudged, and to pay him any judgment he may recover—an action may be brought upon the undertaking, by the defendant, without any assignment thereof to him.

MOTION for a new trial, on a bill of exceptions. The cause came on for trial at the Columbia circuit in September, 1861, when the presiding justice ordered a verdict for the defendants, to which the plaintiff's counsel excepted. The action was brought upon an undertaking executed by

the defendants and taken by the sheriff of Columbia county at the commencement of a suit to recover the possession of personal property, once known and well known as an action of replevin. The plaintiff here was the defendant in that suit. The defendants undertook and became bound for the prosecution of said action " and for a return to the said defendant of said property if a return should be adjudged, and for the payment to the defendant of any such sum as may for any cause be recovered in said action, against the plaintiff." In due time Decker excepted to the sufficiency of said sureties, and they never justified. Yet Decker appeared and answered in said action, and on the trial obtained a verdict and perfected judgment, and after an execution returned unsatisfied, brought this action against the sureties in said undertaking. The justice decided that the defendants were not liable to the plaintiff, on the facts, and ordered a verdict accordingly.

*J. C. Newkirk,* for the plaintiff.

*R. E. Andrews,* for the defendants.

PECKHAM, J. The judge at the circuit undoubtedly regarded this undertaking as analogous to special bail, who have been held to be not liable if excepted to and they fail to justify. But special bail could not set up such a defense by plea. Their remedy was by motion to have an exoneretur entered on the bail piece. (*Van Duyne* v. *Coope,* 1 *Hill,* 557. *Humphrey* v. *Liete,* 4 *Bur.* 2107.) " The bail are liable so long as their names remain on the bail piece." (1 *Arch. Pr.* 310. *See also Flack* v. *Eager,* 4 *John. R.* 185; *Thorp* v. *Faulkner,* 2 *Cowen,* 514; 1 *id.* 54.) The analogy in this respect does not hold good, if the defendants here can set up such exception as a defense by plea.

But I think this question is substantially settled by this court in *Van Duyne* v. *Coope,* (1 *Hill,* 557,) before cited, where the sureties in a replevin bond taken by the sheriff, at

the commencement of the suit, under the revised statutes, were held liable though they had been properly excepted to and had failed to justify. The action was there brought on the bond by the defendant as assignee of the officer in the replevin suit, after he had recovered judgment therein.

The revised statutes also provide that if such exception were made and the sureties failed to justify, the sheriff should be " liable to the defendant," for their sufficiency, " as now provided by law." (2 *R. S.* 527, § 33.) If no exception were taken to the sufficiency of the sureties, the revised statutes also provided that the sheriff should be discharged from all liability for their sufficiency, and the bond thenceforth should be held by the sheriff as security for the defendant, and should be assigned to him if he recovered judgment. (*Id.* § 32.) The provisions of the code are very similar to those of the revised statutes, except that an " undertaking" is now substituted for a bond. (*Code,* § 209.)

No assignment of the undertaking is necessary to the plaintiff in this action, as it promised expressly to him, the defendant in the replevin suit, to return the property if a return should be adjudged, and to pay to him any judgment he might recover therein. No difference whatever, in principle, is perceived in the two cases. By the code the sheriff is also made responsible for the sufficiency of the sureties, if excepted to, unless they justify, &c. (§ 210.)

It is right that the sureties should be liable to the sheriff, or to the defendant in the replevin suit. That is clearly contemplated by the statute, and as the undertaking expressly promises to the party, there would seem to be no reason why he should not sue, even though he may have an additional remedy in case the sureties shall ultimately prove insufficient.

A new trial is therefore ordered; costs to abide the event.

HOGEBOOM, J. George Flouton, on commencing an action of replevin under the code, against Abraham Decker, in which the immediate delivery of the property was claimed by

him, procured the usual undertaking under section 209 of the code, to be executed by the present defendants in the sum of $800, for a prosecution of the action and for a return of the property to the defendant if a return should be adjudged, and for the payment to the defendant of such sum as might for any cause be recovered in said action against the plaintiff. The action was subsequently prosecuted, and resulted in a judgment for the defendant Decker against the plaintiff Flouton, therein. Execution was duly issued thereon and returned unsatisfied, and thereupon this action was commenced by Decker against the present defendants, sureties in the replevin undertaking, to recover the amount of the judgment in the replevin suit. The defense is, that the defendant Decker being dissatisfied with the sureties in the undertaking, duly excepted to them; that notice of justification by the sureties was thereupon given; that at the time and place named in the notice they refused or omitted to justify, and have never since done so; and that the defendant subsequently proceeded in the suit without any waiver of the exception. On this state of facts the sureties claim that they have been rejected by the defendant and are not liable to him in this action; and this is the question to be determined.

Section 210 of the code provides that under such a state of facts as has just been mentioned, " the sheriff shall be responsible for the sufficiency of the sureties," " until they shall justify or new sureties shall be substituted and justify." And it would seem to be clear that Decker would have the right to hold the *sheriff* responsible. The plaintiff Decker argues that the sheriff is not liable for the amount of the judgment until the sureties have *first* been prosecuted by the plaintiff in this suit, and their irresponsibility established by a failure to collect of them by execution the amount of his judgment; and that at all events, as the undertaking was originally given for the defendant's security, he has the right to *elect* to take his remedy against the sureties by action upon the undertaking.

The proceedings in the present action of replevin bear a considerable analogy to these prescribed by the revised statutes. In those proceedings the remedy of the defendant, in case the sureties did not justify, was to obtain judgment of discontinuance against the plaintiff and for a return of the property and for his damages ; (2 *R. S.* 527, § 30 ;) and on such judgment being rendered, " the sheriff shall be liable to the defendant for the sufficiency of such sureties as now provided by law." (§ 33.) " And such sheriff shall be entitled to the same remedy on the bond taken by him [it was then taken directly to the sheriff, 2 *R. S.* 523, § 7] as in cases of bonds taken on the arrest of a defendant in personal actions." (§ 33.) It has been supposed that under the code the defendant cannot have a discontinuance of the action, because the plaintiff's proceedings to obtain possession of the property are not as they formerly were a part of the machinery of commencing the suit. (*Per Edwards, J. in Manley* v. *Patterson*, 3 *Code Rep.* 89.) And it would appear that by excepting to the plaintiff's sureties the defendant has precluded himself from requiring the *immediate* return thereof provided for in section 211 of the code. But I am not prepared so say that it is not within the equitable powers of this court to stay the plaintiff's proceedings until he shall furnish competent sureties, or even to order a discontinuance of the action in case such sureties were not furnished within a reasonable time. However that may be, it has been held under sections 211 and 212, which provide " that the sheriff shall be responsible for the defendant's sureties (given on a claim by him for the return of the property) until they justify," that the sheriff is liable in an action to the plaintiff in the suit, after the latter has recovered judgment in the replevin suit and an execution thereon has been returned unsatisfied. (*Gallarati* v. *Orser*, 4 *Bos.* 94.) And I am inclined to think that the provision in sections 210 and 212, that the sheriff shall be responsible for the sufficiency of the sureties, means that the sheriff is liable in an action where the sureties would

Decker *v.* Anderson.

be ; that he stands in their place, and is to be regarded himself as the surety of the party plaintiff or defendant.

The important question, however, remains, Has the defendant in the replevin suit precluded himself from an action against the plaintiff's sureties because he has excepted to their sufficiency, and they have failed to justify? Certainly, I think they are not absolutely discharged from all responsibility, for they voluntarily became the plaintiff's sureties, and should not be permitted to release themselves from liability by a willful or negligent refusal to justify. They ought, I think, at all events, to be held for the protection of the sheriff, to the end that if he be made liable to the defendant, he may seek his indemnity against the sureties, who are not taken unless "approved by the sheriff." (*Sec.* 209.) And, I think the court would, if necessary, compel an assignment of the undertaking by the defendant to the sheriff. That would probably not be necessary in the case of an undertaking like the one in suit, for it has not, in terms, any obligee or promisee, and may therefore probably be enforced for the benefit of the party really interested therein. It may therefore be regarded as an undertaking to the sheriff or to the defendant. The defendant has, indeed, said I am not satisfied with it, or I do not believe the obligors are pecuniarily responsible ; but there seems to be no express provision for his obtaining a better one, if the sureties are obstinate and refuse to justify. And he is therefore necessitated to rely exclusively upon the sheriff's responsibility, unless he is permitted to avail himself of this undertaking. An exception to the sufficiency of the sureties can scarcely be regarded as an absolute rejection of the undertaking ; for the defendant has no power to make such absolute rejection. And I think he may *recall* his exception. May he not, after giving *notice* of the exception, countermand it before justification ; for it is no injury to the adverse party or to the sureties to permit him to do so. And may not his proceeding in the suit after failure to justify, and

especially his institution of this action, be regarded as an election to waive the exception to the sureties.

Again, under the former practice, where the bond on the institution of the proceedings was given directly to the sheriff, the defendant, on obtaining judgment of discontinuance for failure to justify, was entitled to an assignment of the bond given to the sheriff and to prosecute the same. Such is, at least, I think, the effect of the statutory provisions in regard to the old action of replevin, when read in connection with the statutory provisions for the assignment of the bond given by bail to the sheriff, in the event of bail to the action not being put in. (*See* 2 *R. S.* 527, §§ 30, 33 ; 2 *id.* 349, §§ 11, 12.) If so, it would seem that the defendant, notwithstanding his exception to the sureties, would be entitled at his request, to an assignment from the sheriff of the undertaking, if it were taken in the name of the latter.

I have already stated that the tenor of the undertaking is such as probably not to require a formal written assignment by the sheriff to the defendant. If an assignment should be regarded as necessary, I am inclined to think an assignment by manual delivery would be sufficient ; and we may conclude that such was made, because we find the undertaking in the possession of the plaintiff in this action, and for aught that appears in the case, with the assent and sanction of the sheriff.

I am, therefore, inclined to think the action was well brought, and that the plaintiff was entitled to judgment, and therefore that a new trial ought to be granted ; and such must be the order unless the adjudications of the courts bring us to a different result. There are no decisions directly upon this section of the code. The case of *special bail* appears to have some analogy to the case of sureties to an undertaking in replevin under the code. But it is said that although it is clear that special bail, when excepted to, and they failed to justify, were no longer bail, yet that such defense was only available by way of motion to have an exon-

eretur entered upon the bail piece, and was not a defense to an action against the bail. And all the cases to which we have been referred as announcing such a doctrine were motions for an exoneretur, and at least, not actions against the bail. *Waterman* v. *Allen*, (1 *Cowen*, 60,) was simply a motion to set aside a default, in which the principle only was recognized. *Thorp* v. *Faulkner*, (2 *Cowen* 516,) was a motion for an exoneretur, as was also *The People* v. *Judges of Onondaga Common Pleas*, (1 *Cowen*, 54.) *Lawrence* v. *Graham*, (9 *Wend.* 478,) was a motion by a party who had been surrendered by his bail, to be discharged from imprisonment upon the ground that the bail having been excepted to, and having failed to justify, were discharged from further liability, and hence had no right to surrender their principal, and the motion was granted. *Gallarati* v. *Orser*, (4 *Bosw.* 94,) was a case involving the liability of the sheriff, and not of the sureties, in case they failed on exception to justify, and was also under a different section of the statute from that which we are now considering.

But the case of *Duynee* v. *Coope*, (1 *Hill*, 557,) ought perhaps to be regarded as conclusive in this court. It was not brought to my notice at special term, and although the case is not valuable as a discussion of the question upon principle, it ought, perhaps, to be regarded as authority. It was a suit against the sureties, on a replevin bond, given under the revised statutes, to the coroner, as the defendant in the replevin suit was the sheriff. The defendant having succeeded in the replevin suit, and failing to satisfy his judgment on execution, took an assignment of the replevin bond and commenced this action. The defense set up was the same as in this, to wit : that the defendant in the replevin suit excepted to the sureties in replevin and that they failed to justify. But the defense, although sustained at the circuit, was overruled at bar ; and the court say : "The doctrine that an exception against special bail, and their omission to justify, displace them as bail, has no application." They

further say that it was good as to special bail only on a motion for an exoneretur, and could not be used as a defense by plea to an action upon the recognizance. They intimate a doubt whether the complete substitution of new bail would work on exception taken, a discharge of the old; and that nothing short of a strict compliance with the condition, unless prevented by the act of the obligee, would avail as an effectual defense. So direct an authority, does not, I think, leave us at liberty to consider the question an open one; and upon the strength of it, *a new trial must be granted, with costs to abide the event.*

GOULD, J. concurred.

New trial granted.

[ALBANY GENERAL TERM, December 1, 1862. *Gould, Hogeboom* and *Peckham,* Justices.]