THOMAS McSPEDON AND CHARLES W. BAKER *against* JAMES W. BOUTON AND ANOTHER.

The sureties on an undertaking, required by § 334 of the Code of Procedure to render effectual an appeal to the Court of Appeals, are liable for the costs on dismissal of the appeal, as well as where the judgment is affirmed.

The sureties on such an undertaking are not released from liability by their failure to justify after being excepted to.

In an action on an undertaking given on appeal from a judgment brought by the persons recovering the judgment, the fact that one of them had been discharged in bankruptcy before the judgment was obtained, and that his interest had passed to his assignee in bankruptcy, can only be made available by way of abatement for non-joinder, and the objection is waived if not taken by answer.

APPEAL by the defendants from a judgment entered on the decision of a judge of this court, after a trial before him, without a jury.

McSpedon v. Bouton.

The action was brought against the defendants, as sureties on an undertaking given under § 334 of the Code, being the undertaking required to render effectual an appeal to the Court of Appeals.

The undertaking was drawn in accordance with the statute which requires that it shall be " to the effect that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding five hundred dollars."

The facts which were relied on as ground of defense are fully stated in the opinion.

*C. F. Wetmore,* for appellants.

*T. D. Sherwood,* for respondents.

ROBINSON, J.—The undertaking upon which this action was brought was given under § 334 of the Code, on appeal to the Court of Appeals from an order, and was conditioned to pay all costs and damages which might be awarded against the appellant on the appeal, not exceeding $500.

The appeal was heard by that court, on argument by the counsel for the respective parties, and dismissed with costs to the respondents, these plaintiffs, which were adjusted at $116 06, for which judgment was rendered February 16th, 1869, and this action was brought to recover the same of the sureties. Pending that appeal, and in 1868, McSpedon, one of the respondents, became a bankrupt, and was discharged from his debts in June, 1868.

On the taking of the appeal on which this undertaking was given, notice was given of exception to the sufficiency of these defendants as sureties, but, after repeated attendances by the respondents, on notice of their justification, and their failure to attend and justify, the proceedings for justification were abandoned without formal order, and the appeal proceeded and was disposed of as above stated. On these facts the judgment should be sustained :

1st. The argument of the appellants is, that such appeal having been *dismissed,* no judgment against the sureties was warranted by the terms of the undertaking. It is founded on the

case of *Drummond* v. *Husson* (14 N. Y. 60), which was on an undertaking given under § 335 of the Code, to pay *on affirmance*, but making no provision for a case of *dismissal*. That in question, given under § 334, fully provides for costs and damages awarded the respondents on the appeal, and such having been adjudged, I can perceive no question as to the right of recovery on that ground.

2d. Although proof was allowed of exception to the sureties on the appeal, and their failure to justify, this constituted no defense (*Decker* v. *Anderson*, 39 Barb. 346). The claim that defendants were thus discharged from their obligations as sureties was not founded on any defense set up in the answer predicated thereon, nor had it any foundation in law (*Decker* v. *Anderson, supra*).

3d. The discharge of McSpedon in bankruptcy had no bearing upon the merits of the claim upon the undertaking. On his becoming a bankrupt, the solvent partner and the assignee in bankruptcy became tenants in common of the copartnership assets, and the latter took only an undivided interest therein (*Murray* v. *Murray*, 5 Johns. Ch. 70 ; *Egberts* v. *Wood*, 3 Paige, 527 ; *Mumford* v. *McKay*, 8 Wend. 444). The nonjoinder of any assignee of an undivided interest (whose existence, however, is not suggested), was only available as a defense for non-joinder and by way of *abatement*. No such defense was interposed, and the mere fact of McSpedon's discharge in bankruptcy, in 1868, constituted no defense to this action founded on a judgment recovered by both McSpedon and Baker in 1869. If the subsequent judgment was not an estoppel as to any matters growing out of the previous bankruptcy of one of the partners, it is doubtful if there was any occasion for joining any assignee in bankruptcy as a coplaintiff (*Thacher* v. *Shephard*, 2 Chitty, 652). Had that been pleaded, McSpedon might have shown he had become reinstated in his original rights as partner or tenant in common. These considerations cover the whole merits of the appeal, and call for an affirmance of the judgment.

DALY, Ch. J., and J. F. DALY, J., concurred.

Judgment affirmed.