FLORENCE M. MANNING, Respondent, *v.* DAVID H. GOULD et al., Appellants.

Where the sureties to an undertaking, given to stay proceedings on appeal to General Term from a final judgment, are excepted to, and they fail or refuse to justify, and justification is not waived by the respondent, the sureties are discharged from liability; the effect of the failure to justify "is the same as if the undertaking had not been given." (Code, §§ 1352, 1335.)

As to whether the respondent may after exception taken, and before the refusal of the sureties to justify, waive the exception, *quære.*

*Decker* v. *Anderson* (39 Barb. 346), *Ballard* v. *Ballard* (18 N. Y. 491), *Gibbons* v. *Berhard* (3 Bosw. 635), *Hill* v. *Burke* (62 N. Y. 111), *Knapp* v. *Anderson* (71 id. 466), *McSpedon* v. *Bouton* (5 Daly, 30), distinguished. *Manning* v. *Gould* (15 J. & S. 387), reversed.

(Argued October 16, 1882; decided December 12, 1882.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 6, 1881, which affirmed a judgment in favor of plaintiff, entered upon a verdict. (Reported below, 15 J. & S. 387.)

This action was brought upon an undertaking executed by defendants on appeal.

It appeared that on January 11, 1880, plaintiff recovered judgment in the Superior Court of the city of New York against one S. Starr Rowland for $555.49. On February 9, 1880, Rowland appealed. Upon appeal an undertaking was given, signed by the defendants, conditioned " that the appellant would pay all costs or damages which may be awarded against the appellant on said appeal, not exceeding $500; and also that if the judgment so appealed from, or any part thereof, is affirmed, or the appeal is dismissed, the appellant will pay the sum directed to be paid by the judgment, or that part thereof as to which judgment shall be affirmed." The attorney for the plaintiff duly excepted to the sureties, and notice of the justification was given March 4. Defendants attended and were both sworn before the judge, and while the examination of the defendant Gould was in progress news came of Rowland's death, when the defendants declined to go on, or " go upon a

dead man's bond." Plaintiff's attorney requested Gould to accept the examination and sign it, but he refused and left. The defendant King refused to appear for examination. Plaintiff took no measures to have the examination completed, but moved to dismiss the appeal. In July, 1880, the action was revived against Rowland's administratrix. November 1, 1880, the judgment was affirmed, and a copy of the order of affirmance was duly served on the attorney for the administratrix. Judgment of affirmance and a copy thereof was served upon the same attorney. The defendant King moved for a judgment of nonsuit, and also that the court direct the jury to return a verdict for defendants, dismissing the complaint. The defendant Gould made the same motion on his own behalf. The motions of the defendants were denied, to which they severally excepted, whereupon the plaintiff moved that the court direct the jury to find a verdict for $692.76, which the court did ; to which the defendants severally excepted; the jury so found.

*Nathaniel C. Moak* for appellants. In order to make a valid binding agreement there must be a meeting of the minds of the parties. (*Cutts* v. *Guild,* 57 N. Y. 234; *Booth* v. *Biera,* 38 id. 463 ; *Hough* v. *Brown,* 19 id. 111; *Trustees, etc.,* v. *Brooklyn, etc.,* 28 id. 153 ; 1 Pars. on Cont. [6th ed.] 475–480 ; 2 Pars. on Cont. [6th ed.] 483 and note *g ; Willis* v. *Turnley,* 4 Tex. L. J. 504; *Pratt* v. *Rush,* 5 Vict. L. R. 421.) The acceptance of a proposed surety is absolutely essential in all matters, whether in that class known as judicial sureties, or those of a purely commercial character. (*McIntyre* v. *Borst,* 26 How. Pr. 411; Code, § 1335 ; 1 Bliss' Code, § 1335, note ; *Chamberlain* v. *Dempsey,* 13 Abb. Pr. 421; 22 How. Pr. 356; *Kelsey* v. *Campbell,* 14 Abb. Pr. 368 ; 38 Barb. 238 ; *Hers* v. *Snell,* 8 How. Pr. 185 ; *Blake* v. *Lyon,* 75 N. Y. 611; *Rae* v. *Beach,* 76 id. 168 ; *Langley* v. *Warner,* 1 id. 606.) If bail do not justify within the time allowed by rules of court when excepted to, they cease to be bail. (*Flock* v. *Eager,* 4 Johns. 185 ; *People* v. *Judges,* 1 Cow. 54; 2 id. 514; *Lawrence* v. *Graham,* 9 Wend. 478; *Ward* v. *Same,* 4 Comst. 171 ; Code, §§ 1699, 1705, 1706.)

*Fred. M. Littlefield* for respondent.   The undertaking herein was not affected by change of parties.   (Bliss' Code, 609, § 815; *Porter* v. *Van Vranken*, 36 N. Y. 619; *Cristal* v. *Kelly*, 25 Alb. L. J., No. 23, p. 456; *Cassons* v. *Jerome*, 58 N. Y. 315; *Schofield* v. *Churchill*, 72 id. 565.)   Nothing will discharge the sureties given to prosecute the appeal from the court of original jurisdiction, but the reversal of the judgment in some court having jurisdiction to correct the alleged error.   (2 Dev. Law, 109; 1 Littell, 156; 25 N. Y. 487; 11 Hun, 483; 24 How. Pr. 467–9; 24 Barb. 435; 58 N. Y. 583; *Rabbitt* v. *Shield*, 10 N. Y. W'kly Dig. 289.)   The measure of the liability of the sureties upon an undertaking is the liability of the principal, and those who execute the instrument are estopped from contradicting its recitals to defeat it.   (*Coleman* v. *Bean*, 14 Abb. 38; 32 How. 320; *Onderdonk* v. *Voorhis*, 2 Rob. 24; 36 N. Y. 358.)   A surety upon a bond is presumed to know the nature of the obligations, and the construction of the bond must be taken most strongly against the guarantor.   (*Crist* v. *Burlingame*, 62 Barb. 351; *Giles* v. *McKee*, 13 N. Y. 232; *Walrath* v. *Thompson*, 4 Hill, 200; *Scott* v. *Duncombe*, 49 Barb. 73.)   Whatever may be the irregularities in the undertaking, and whatever may be the effect on the proceedings, those signing it will be bound by its terms.   (*Sumler* v. *Wilson*, 1 Md. 144; *Hibbs* v. *Blair*, 14 Penn. St. 81, 413; *State* v. *Berry*, 12 Mo. 376; *Barnes* v. *Webster*, 16 id. 258; *Shepard* v. *Collins*, 12 Iowa, 370.)   An appeal to the General Term is not a nullity when the sureties fail to justify upon the undertaking on appeal.   (*Ketching* v. *Diehl*, 40 Barb. 433; Bliss' Code of Civ. Pro., § 1351.)   Sureties upon an undertaking are not released from liability by their failing to justify it excepted to.   (*Manning* v. *Gould*, 47 N. Y. Supr. Ct. 387; *McSpedon* v. *Boulon*, 5 Daly, 30; *Hill* v. *Burke*, 62 N. Y. 111; *Gibbons* v. *Breban*, 3 Bosw. 635; *Knapp* v. *Anderson*, 7 Hun, 295; *Ballad* v. *Ballad*, 18 N. Y. 491; *Decker* v. *Anderson*, 39 Barb. 346; *Gusthal* v. *Reinhardt*, 1 Law Bulletin, No. 5, p. 37; *Van Duyne* v. *Coope*, 1 Hill, 557; *Ward* v. *Whitney*, 3 Sandf. 399.)   The undertaking is good, and the sureties are

held by it the appellant having had the benefit of the consideration of it, namely, a stay of proceedings until the decision and judgment of the General Term of the Superior Court was given. (*Gothwald* v. *Little*, 7 Daly, 105; *Hill* v. *Burke*, 62 N. Y. 111; *Knapp* v. *Anderson*, 7 Hun, 205.) The doctrine that an exception against special bail and their omission to justify, displace them on bail, has no application. (*Decker* v. *Anderson*, 39 Barb. 346; 1 Hill, 557; 4 Bur. 210; 1 Arch. Pr. 310; 4 Johns. 185; 2 Cow. 514; 1 Tidd's Pr. [9th Lond. ed.] 258.)

TRACY, J. The question to be determined in this case is, whether the sureties to an undertaking given on appeal to the General Term of the Supreme Court, or of a superior city court, when excepted to, and they fail or refuse to justify, and justification is not waived by the respondent, are nevertheless bound by the conditions of their undertaking. This depends upon the construction to be placed upon sections 1352 and 1335 of the Code. Security is not required to perfect an appeal to the General Term from a final judgment rendered in the same court, but such appeal does not stay proceedings upon the judgment, and the party having the judgment may proceed to enforce it as if no appeal had been taken. If the appellant desires to stay the execution of the judgment pending the appeal, section 1352 of the Code requires that he must give the security required to perfect an appeal to the Court of Appeals. Upon giving such security the execution of the judgment appealed from is stayed, as upon an appeal to the Court of Appeals, and subject to the same conditions. Section 1335 of the Code provides that it is not necessary that an undertaking, upon an appeal to the Court of Appeals, should be approved, but the attorney for the respondent may, within ten days after service of a copy of the undertaking, except to the sufficiency of the sureties. Within ten days thereafter, the sureties or other sureties in a new undertaking to the same effect must justify before a judge of the court below, or a county judge. If the judge, after examination of the sureties,

finds them sufficient he must indorse his allowance of them upon the undertaking or a copy thereof.

The section then declares: "The effect of a failure so to justify and to procure an allowance is the same as if the undertaking had not been given."

The meaning of this language is too obvious to admit of doubt. Failure of the sureties to an undertaking upon an appeal to justify, when excepted to, defeats entirely the object and purpose of the undertaking. Where security is required in order to perfect the appeal, the appeal from the judgment is not perfected, and the party having the judgment may proceed thereon as if no appeal had been taken. Where security is not required to perfect the appeal, but is required to stay the execution of the judgment, the judgment may be enforced pending the appeal as if no undertaking to stay the execution thereof had been given. So much is clear.

The remaining question to be considered is whether the respondent may insist upon his right to disregard the appeal or the stay of proceedings, as the case may be, because of the failure of the sureties to justify, and at the same time hold the sureties upon their undertaking.

We think not. Upon the service of a notice of appeal with an undertaking the respondent may accept the undertaking, and thereupon it becomes effectual and the sureties will be bound. But he may say "I will not accept the sureties tendered by the undertaking except upon condition that they appear before the judge, are examined as to their responsibility, and the judge approves them after such examination." Thereupon the appellant may undertake to meet this condition, and give notice of justification of the sureties, or he may tender other sureties in a new undertaking, to the same effect, who must justify before a judge of the court below or a county judge. If he does neither, then the case stands as if no attempt to give an undertaking had been made. No reason can be suggested why the respondent should be permitted to disregard the undertaking and proceed upon the judgment as if none had been given, and yet have all the advantages that the

undertaking was intended to secure. The only object and purpose of the undertaking was to stay the execution of the judgment until the appeal had been heard and determined. The respondent cannot have the dual right to enforce the judgment pending the appeal as if no undertaking had been given, and at the same time treat it as valid security for the payment of the judgment. The undertaking was tendered by the appellant and rejected by the respondent, and never perfected by the appellant. It is unnecessary to determine whether or not the exceptant might have waived her exception at any time before the refusal of the sureties to justify. No waiver in this case was made or attempted.

We have carefully examined the numerous authorities cited by the respondent, and none of them are in conflict with the conclusion reached in this case. The case of *Decker* v. *Anderson* (39 Barb. 346) arose on an undertaking given upon the bringing of an action to recover possession of personal property, under the Code. The cases are not analogous. In an undertaking given in an action of replevin, the sureties being approved by the sheriff, he is required to take the property of the defendant and becomes liable to the defendant therefor in case the sureties fail to justify, if excepted to. In such a case it would be unreasonable to hold, that after the defendant's property has been taken upon the faith of the undertaking, the sureties could relieve themselves from liability by refusing to justify when excepted to. Besides, the Code does not declare that the effect of a failure so to justify is the same as if no undertaking had been given. On the contrary, the effect of a failure to justify is to subject the sheriff to liability to the defendant for the property taken. *Ballard* v. *Ballard* (18 N. Y. 491) simply decides that an exception duly taken to sureties on appeal is waived by the failure of the respondent to attend the officer before whom the notice of justification is given, although the sureties also fail to attend. It holds that the party excepting is the actor in the proceeding, and no step is necessary to be taken except upon his requisition. The question involved in the case of *Gibbons* v. *Berhard* (3 Bosw. 635) was one

of pleading. It was there held that a complaint upon an undertaking executed upon an appeal to the Court of Appeals, sufficient in other respects, is not demurrable as not stating facts sufficient to constitute a cause of action, merely because it omits to aver that the undertaking was accompanied by the affidavits of sureties that they were worth double the sum specified therein. Such affidavit was intended for the protection of the respondent, and it was competent for him to waive it. In *Hill* v. *Burke* (62 N. Y. 111) the respondent accepted the undertaking and never excepted to the sureties. The only defect the sureties claimed was that they did not originally justify in a sufficiently large amount. *Knapp* v. *Anderson* (7 Hun, 295; 71 N. Y. 466) decides nothing except that the discharge of the judgment debtor in bankruptcy did not discharge his sureties. The case of *McSpedon* v. *Bouton* (5 Daly, 30) was an action brought upon an undertaking given upon an appeal to the Court of Appeals. Although no such defense was set up in the answer, proof was given upon the trial that the respondent excepted to the sureties, and that after repeated attendances by the respondent on notice for their justification, and their failure to attend and justify, the proceedings for justification were abandoned without formal order, and the appeal proceeded, and was regularly heard and disposed of in the Court of Appeals.

Judge ROBINSON held that the failure of the sureties to justify constituted no defense, and cited *Decker* v. *Anderson* (39 Barb. 346). But that case, as we have already seen, did not arise upon an undertaking given upon an appeal, and cannot be considered an authority upon the question now before the court. We think the court was misled by the supposed analogy of this case.

Furthermore the language of the Code under which the undertaking was given in that case is not the same as the present Code. The intent of the legislature to make the effect of a failure to justify and to procure an allowance the same as if an undertaking had not been given is more strongly expressed in the present Code than it was in section 334 of the old Code.

The sureties were not bound and the judgment of the General and Special Terms should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.