# SHELDON COLLINS, APPELLANT, *v.* GEORGE M. BALL AND AARON C. JEWELL, RESPONDENTS.

*Election of remedies — once made is irrevocable — when the issuing of an execution upon a judgment, pending an appeal, is a waiver of all right to resort to an undertaking given thereon.*

This action was brought to recover the value of certain personal property received by the defendants from one Hart, the plaintiff's assignor. The defense was that the defendants having become sureties upon an undertaking given by Hart, upon an appeal from a judgment recovered against him in an action brought by him against one Taylor, it was agreed that the property, or its proceeds, should be held to secure them against loss thereby; that the judgment was affirmed and an action brought upon the undertaking against the defendants, who settled the same by paying an amount less than that claimed but greater than the value of the property in question. It appeared that the undertaking was given May 22, 1877; that in September, 1878, upon the application of the respondents on that appeal made, upon affidavits made by the defendants showing their insolvency, an order was made requiring Hart to file a new undertaking within twenty days; and in case he failed so to do the judgment was to be executed as if no undertaking had been given. No new undertaking was given. After the lapse of twenty days the respondents on that appeal issued an execution upon the judgment against Hart, which was returned *nulla bona.* Thereafter the judgment was affirmed and the action was brought against the sureties upon the undertaking and settled by them as above stated.

*Held,* that the respondents on the appeal by issuing the execution and seeking to enforce the judgment elected to rely no longer on the undertaking but to enforce the judgment.

That having once elected to disregard the undertaking they could not thereafter insist upon its validity

That the defendants had a perfect defense to the action brought against them on the undertaking, and should not for that reason be allowed the amount paid by them in settlement thereof.

APPEAL from a judgment in favor of the defendants, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Wakeman & Latting*, for the appellant.

*H. F. Anderson*, for the respondents.

DAVIS, P. J. :

This action is brought to recover the value of certain personal property which the plaintiff's assignor, J. W. Hart, delivered to the

defendants to be paid for in part, and in part to be sold and the proceeds accounted for to said Hart.

There seems to be no controversy in respect of the delivery of the property and the arrangement for the sale and accounting for the proceeds, except as to certain items which would only affect the amount to be recovered.

But the defendants allege that after receiving the property, at the request of Hart and as his sureties they executed an undertaking in an action in this court in which Hart was plaintiff and appellant, and William M. Taylor and others were defendants and respondents, and in which an appeal had been taken from a judgment which had been recovered by the defendants against Hart in said action ; and that to secure them against liability for any moneys they might have to pay upon such undertaking, Hart agreed that the property sued for in this action should remain in their hands ; and that after the termination of the appeal in which the judgment against Hart was affirmed, the defendants were sued upon their undertaking by the respondents in the action in which that instrument was given, and that, after the commencement of that suit, they settled the same by paying a less sum than the judgment recovered against Hart, but an amount greater in value than the property held by them as security. The undertaking executed by the defendants was in the form required by the Code. It was made on or about the 22d of May, 1877, and on that day the defendants each justified in the sum of $2,500. On the filing of this undertaking the proceedings on the appeal were stayed.

Afterwards, and in September, 1878, upon separate affidavits made by the defendants, showing in substance that they had become insolvent and were unable to respond to the exigency of the undertaking, a motion was made on behalf of the respondents in the action of *Hart* v. *Taylor*, at Special Term, that the said appellant Hart, file a new undertaking on the appeal, and thereupon an order was made by the court in the following words :

" *Ordered*, that the plaintiff and appellant herein file a new undertaking on the appeal herein, and serve a copy of the same as required with respect to the original undertaking herein, within twenty days after the service of a copy of this order, and if the appellant fail so to do within said twenty days, that the judgment

in the said action be executed as if no undertaking had been given therein."

Under this order no undertaking was executed, and after the lapse of twenty days the respondents in the appeal issued an execution in the usual form to the sheriff of the city and county of New York. The execution was afterwards in November, 1878, returned *nulla bona.* Subsequently, and in April, 1879, the judgment appealed from was affirmed by the General Term of this court, and the respondents in such appeal brought an action upon the undertaking executed as above stated by the respondents in this case. After the bringing of this action, and before the expiration of the time to answer, the present respondents paid in the action against them upon the undertaking, to settle the same, the sum of $1,268.91.

Upon this state of facts the learned court below ruled, and charged the jury to the effect that the undertaking executed by the present defendants was in force so that the respondents were entitled to bring their suit and recover therein, and that the settlement of the suit in the manner stated was properly made, and that the defendants could set up such payment as a defense to this action in case the jury should find that the alleged agreement had been made that the property in their hands, or its proceeds, should be held and remain as security to the defendants for their liability upon such undertaking. The jury found upon the evidence that the alleged agreement was made, and rendered a verdict for the defendants, upon which the judgment was entered, from which this appeal is taken.

The only question presented in the case is whether the rulings of the court below were correct in respect to the right of the respondents in the suit in which the undertaking was given, to enforce the same, after the proceedings and order made by the Special Term requiring a new undertaking to be filed, and the subsequent action of the respondents in that case in issuing execution upon their judgment.

There is no doubt in the case that the undertaking given by the defendants was, in all respects, a valid instrument, and that it operated to stay all proceedings pending the appeal, and that the stay continued for the period of more than a year, and until the failure of Hart, the plaintiff, in that judgment, to file a new undertaking,

as required by the order. The order did not discharge the defendants from the undertaking. It left that instrument in full force and effect, certainly until it should be superseded by a new undertaking, filed in compliance with the order. But no such undertaking was given, and we see no reason to doubt that if no other step had been taken the undertaking of the defendants would have remained in full force and vigor, notwithstanding their alleged insolvency. But subsequently, and after the expiration of the twenty days within which the new undertaking was to be filed, pursuant to the order, the respondents in the appeal saw fit to issue an execution upon the judgment against the property of the appellant, and by that process sought to enforce their judgment. This they had a clear right to do after the order of the Special Term; and if the sheriff had been successful in finding and levying upon property under that execution, the respondents in the appeal would have been entitled to receive the money and apply it upon the judgment, notwithstanding the pendency of the appeal. The effect of that course and its results would very clearly have been, as it seems to us, that the undertaking would no longer have remained an effective instrument. If that would be so, it is difficult to see why the act of issuing the execution and seeking to enforce the judgment without further regard to the stay which had been caused by the filing of the undertaking, would not be an election on the part of the plaintiff to rely no longer upon the undertaking, but to proceed to enforce the judgment as though that instrument had never been made.

The exigency or condition of the undertaking, when read in connection with the statute, was in substance, that the sureties would pay the judgment on its affirmance *if the proceedings to enforce it were stayed pending the appeal and until such affirmance.* The respondents, after obtaining the order they did at the Special Term, had an election still to treat the undertaking as an operative instrument, or to disregard it and proceed with the other remedy which the law in that case permitted. But we think they could not have both.

In a very late case in the Court of Appeals where a similar question was involved, the court says: "No reason can be suggested why the respondent should be permitted to disregard the undertak-

ing, and proceed upon the judgment as if none had been given, and yet have all the advantages that the undertaking was intended to secure. The only object and purpose of the undertaking was to stay the execution of the judgment until the appeal had been heard and determined. The respondent cannot have the dual right to enforce the judgment pending the appeal, as if no undertaking had been given, and at the same time treat it as valid security for the payment of the judgment." (*Manning* v. *Gould*, 90 N. Y., 480.)

The facts of that case were not analogous to those of the case now before us. But we do not see why the principle that must govern the cases is not the same. As already intimated, when the time for filing the new undertaking had expired, the respondents in the appeal had an election of remedies. They chose to take the one which treated the judgment as though no undertaking had been given, and in doing so it seems to us they must be regarded as having broken the condition upon which they had the right to claim that the undertaking was enforceable.

The result of this view is that the defendants had a perfect defense to the action brought against them on the undertaking, and as it appears they gave no notice to their principal, but settled the suit by paying the demand, they had no legal right to set up the payment as a defense to this suit.

At the time the order of the Special Term was obtained upon their affidavits, they did not disclose the fact that they had the property now sued for as security in their hands against their liability. If they had done that, a very different result would have followed. Withholding the facts from the respondents in that action would probably have given them the right to pursue a remedy against the sureties upon allegations of fraudulent concealment.

But that fact does not affect the question presented in this case. We are of opinion that the rulings of the court below in respect to the right to withhold the property under the alleged bailment were erroneous, and that the judgment should be reversed, and a new trial ordered, with costs to abide the event.

DANIELS, J., concurred.

Present — DAVIS, P. J., and DANIELS, J.

Judgment reversed, new trial ordered, costs to abide event.