By the Court.—Sedgwick, Ch. J.
The decision of this appeal must rest solely upon the determination of questions of law that are pertinent to exceptions taken upon the trial. There was no request to go to the jury upon an issue of fact. Both sides asked for a direction of a verdict. Although the defendants excepted to the direction that was made in favor of the plaintiff, that exception was not upon the ground that there was a question of fact for the jury, because the defendants contemporaneously demanded a direction in their own favor, which implied that there was no dispute of fact.
What has been said is to be applied to the main point taken by the defendants as to whether the undertaking by the sureties was supported by any legal consideration. They argued that the undertaking was not in the form prescribed by the statute as the one which, when executed by sufficient sureties, gives to the appellant in the action in which the undertaking may be given, a right to a stay of proceedings upon the judgment. It may be assumed that this proposition is correct.' The undertaking, however, may be supported, as any contract may be, by a sufficient consideration, which, when the undertaking is not in due form, it is necessary that the plaintiff in an action upon it must affirmatively prove. Accordingly, the defendants in this action, upon the trial took the position that the plaint? iff had not proved any consideration for the undertaking. In such a case the consideration may, as in any other case, be an inconvenience suffered, or a forbearance of a right to enforce a legal remedy, by a promisee at the request of the promisor. There is no rule of law that requires this to be proved by direct testimony. It may be shown by circumstantial testimony. A stay of proceedings upon a judgment on request is a sufficient consideration (Post v. Doremus, 60 N. Y 376).
*445 In the present case the sureties knew the law on the subject of the stay of proceedings upon judgments after appeal, or were presumed to know it. The only purpose for which they could have made and offered it was to secure to their principal the benefit of a stay. The want of form to comply with the statute was, it is to be presumed, within their knowledge. The respondents, having the power to object to the undertaking and to secure its disapproval, consented that it might be approved as it was ; and their attorney as a witness on the present trial testified that he did not issue any execution, relying on the undertaking. All these facts and the necessary implications from them, tend to show a stay at the request of the defendants. And if they do not incontrovertibly show this, they would prevent a direction for the defendant and would give the defendants the right to go to the jury as to the fact. This right, however, was not, as has. been observed, claimed. There was a general objection to the direction for the plaintiff, without calling the attention of the court to this particular fact, in any other way than in arguing that there was no evidence of a consideration.
In Post v. Doremus (supra), the court showed that the plaintiff in that case did not accept the undertaking as sufficient to secure a stay of proceedings, but only sufficient to perfect an appeal. In the present case, the facts would justify a finding of fact that the plaintiff did stay the appeal in consequence of the undertaking. I do not see how the defendants can claim that the defect in form of the undertaking should signify that they did not impliedly request a stay of proceedings. There was no other object of an undertaking than a stay of proceedings.
I am of the opinion that the ground stated by the judge below of his direction was valid. The undertaking was used as the defendants (it is to be inferred) intended it was to be used, in being presented to the judge who approved it, for his determination as to whether it was in proper form and with sufficient sureties to give the appellants in that case a right to a stay. The approval was a *446 judicial determination by him on the subject, and all the parties to it should be bound by it, until it be set aside. The fact that the sureties made the undertaking and delivered it, is sufficient evidence that the approval was by their consent, or rather at their instance.
Manning v. Gould (90 N. Y. 476), it is argued, is an authority that these defendants are not bound by the undertaking, because they were excepted to and did not thereafter justify. To make the cited case an authority on 'the subject, it is said that the sureties failed to justify. The facts do not show that there was any failure on the part of the defendants to justify. They did not justify, nor was it shown that they knew there had been an exception to them. On the contrary, at the request of the attorney for the appellant in the former action, the attorney for the respondents withdrew his exception and consented to the approval of the undertaking. The first sentence of Judge Tract’s opinion in Manning v. Gould (supra), shows that it implies that in a case like the present the sureties are liable. Judge Tract said, “ The question is whether the sureties on an u ndertaking given on appeal, when excepted to and they fail or refuse to justify, and justification is not waived by the respondent, are nevertheless bound by the conditions of their undertaking.” If both parties stand upon the exception and there is a failure to justify, then in the language of the Code the effect is the same as if no undertaking had been given. But in case an exception is withdrawn and the undertaking is approved by consent, the case stands as if there had been no exception, especially when the sureties were not apprised of the exception and did not in any way act upon it.
There was another objection—that the condition of the undertaking was not broken. The condition was, “ that if the said judgment so appealed from or any part thereof be affirmed or the appeal be dismissed, the said appellants will pay the sum recovered or directed to be paid by the said judgment.” The judgment was that “the plaintiff recover from the defendants, the possession of said prop *447 erty, together with said $49 damages and said costs, or if possession of said property is not delivered to plaintiff, then that they recover the said value, together with said damages and costs, making in all the sum of $1,675.87, etc.”
The action in which the judgment was obtained wás in replevin against three defendants. Two of them were parties who had assigned and trasferred the chattels to the third, and the chattels were, at the time of the action, in the possession of the third, and remained there until he transferred them to other persons. The judgment was affirmed as to the assignor, and reversed as to the assignee. A new trial was had, and judgment rendered in his favor. The judgment was really joint and several against the three, and when there was an affirmance as to the assignors the sureties became liable upon the undertaking (Seacord v. Morgan, 3 Keyes, 636). It does not follow that because, in fact, the possession of the chattels was in the third defendant, that the obligation of the two, under the judgment to restore them to the plaintiffs, was affected. Replevin will-lie although the defendant has parted with the possession of the property and the same is beyond the reach of the process of the court, so that in no event can a return of the property be had, either in virtue of the claim and demand of the plaintiff or any judgment that may be given in the action (Barnett v. Selling, 70 N. Y. 492, citing Nichols v. Michael, 23 N. Y. 264). It is not a question here, how in such a case, there can be judgment against the two while it is in favor of the third. Such is the judgment, which binds all parties, and that is a final consideration, while it may be imagined, how the result was competently reached.
Certainly it appears that the judgment did not require the defendants unconditionally to pay the amount named, but only if possession of the property was not delivered to the plaintiff. In the present case, it was proved affirmatively and conclusively that the possession had not been delivered, so that the obligation to pay the amount had become absolute.
*448 Seeing no reason for disturbing the judgment appealed, from, I am of opinion it should be affirmed, with costs;
Truax J., concurred.