EUGENE A. HOFFMAN AND OTHERS, EXECUTORS, ETC., OF SAMUEL V. HOFFMAN, DECEASED, APPELLANTS, *v.* PHILIP SMITH AND OTHERS, RESPONDENTS.

*Undertaking on appeal — when invalidated by the refusal of the sureties to justify — Code of Civil Procedure, sec. 1335.*

An undertaking to stay proceedings upon a judgment during the pendency of an appeal to the General Term, having been served upon the plaintiffs, the sufficiency of the sureties was excepted to. The sureties having failed to appear and justify, the proceedings were twice adjourned. After the second adjournment the attorneys for the plaintiffs were notified that the sureties had understood that the undertaking was only for the costs, and that they did not intend to justify.

The plaintiffs' attorneys then served a notice withdrawing their notice of exception and waiving justification.

*Held,* that the failure of the sureties to justify rendered the undertaking inoperative, and that no action would lie thereon by the plaintiffs.

APPEAL from a judgment recovered on the dismissal of the plaintiffs' complaint at the circuit.

*Wheeler H. Peckham,* for the appellants.

*James M. Smith,* for the respondents.

DANIELS, J.:

The action was upon an undertaking given upon an appeal from a judgment, in an action for the foreclosure of a mortgage, to the General Term of this court, where the judgment was afterwards affirmed. The undertaking was given in the form required to stay proceedings upon the judgment while the appeal should be pending. Notice of exception to the sufficiency of the sureties was served by the plaintiffs, and that was followed by a notice for their justification. At the

time fixed for that purpose the sureties did not attend to justify and the proceedings were adjourned, and at the adjourned day a still further adjournment was agreed upon by the counsel. After that had taken place, and during the same morning, the attorney for the plaintiffs was informed by the defendants' attorney that the sureties understood the undertaking to be a bond only for costs and that they did not propose to justify. The next day after this information was communicated, the attorneys for the plaintiffs served a notice withdrawing their notice of exception and waiving the justification of the sureties; but the court at the trial held that the sureties had at that time been discharged from their liability upon the undertaking and dismissed the plaintiffs' complaint.

The practice prescribed for this proceeding has been directed by section 1335 of the Code, and it has been provided where the sureties shall justify, "if the judge finds the sureties sufficient he must indorse his allowance of them upon the undertaking, or a copy thereof; and a notice of the allowance must be served upon the attorney for the exceptant. The effect of a failure so to justify and procure an allowance is the same as if the undertaking had not been given." The effect of a failure to justify by the sureties was held, in *Manning* v. *Gould* (90 N. Y., 476), to relieve them from liability upon the undertaking and to entitle the respondent to proceed upon the judgment the same as though no undertaking had in fact been given. And this authority seems to control the disposition which should be made of this appeal, for before the notice withdrawing the exception and waiving the justification of the sureties was served, they had positively refused to justify. That refusal proceeded upon their discovery of a previous misapprehension as to the nature of the obligation they had entered into and it was entitled to the effect, under this provision of the Code, of relieving them from farther liability. When the notice was served excepting to their sufficiency, and it was followed by a notice for their justification, and a time had been designated for that purpose, the sureties upon discovering the true nature of the undertaking refused to go any farther in the proceeding, and that placed them, under this provision of the Code, in the same condition as if the undertaking had not in fact been given. It discharged them, in other words, from the liability previously assumed, and the attorneys for the plaintiffs in the action could not deprive

them of this discharge by afterwards serving a notice withdrawing the exception and waiving their justification ; for the facts which had previously transpired had relieved the sureties from their obligation, and their liability could not be restored without their consent by any act whatever on the part of the attorneys for the plaintiffs. To have that effect the notice should have been served before the sureties in fact refused to justify. As much as that was intimated, though not decided, in the case already mentioned.

The judgment was justified by the evidence, and it should be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed.