DAVID FRIED, Appellant, v. MORRIS RIVKIN and CHARLES RIVKIN, Respondents.

(Supreme Court, Appellate Term, Second Department, September, 1916.)

Municipal Court Code, § 160 — failure of sureties on undertaking on appeal to justify — action on undertaking — changes effected by revision of Municipal Court Act.

The reasoning in a judicial opinion is limited to the facts and the law then under consideration and is applicable to other cases only in so far as the facts and law involved are analogous.

Since the revision (Municipal Court Code, § 160) abrogating the former rule (Municipal Court Act, § 315) the failure of sureties to justify has no effect upon an undertaking given on appeal from a judgment, but it does vacate the stay which the undertaking creates and permits the respondent to proceed as if no undertaking had been executed.

The sureties on an undertaking given on appeal from a judgment of the Municipal Court of the city of New York were given notice of the entry of an order dismissing the appeal on December 1, 1915. No part of the judgment appealed from having been paid, an execution issued thereon, after the dismissal of the appeal, was returned *nulla bona*. In an action against the sureties on an undertaking they alleged as a defense that the attorney for plaintiff served a notice of exception to said sureties and that the attorney for defendant in that action served a notice of justification and that the sureties never justified. After the service of said notices it was agreed between the attorneys that instead of justification before the court affidavits as to their qualification should be submitted, and on the return day neither the sureties nor either of the parties appeared. No affidavits were made and filed and no proceedings were had upon the judgment between the time of the filing of the undertaking and the dismissal of the appeal. Plaintiff's motion for judgment on the pleadings was denied on the ground that section 160 of the Municipal Court Code in relation to the effect of the failure of sureties upon undertakings on appeal to justify worked no change in the law and that it would be inequitable to give effect to such change if made. Upon appeal from the judgment dismissing the complaint on the merits, held: that the language of said section 160 that " if the sureties fail or refuse to justify after service of the notice of exception the respondent may proceed as if no undertaking had been executed " effected a complete change in the law, and that it was entirely equitable to enforce the undertaking against the sureties.

Appeal by the plaintiff from a judgment rendered in the Municipal Court of the city of New York, borough of Brooklyn, seventh district, on the 20th day of April, 1916, in favor of the defendants and against the plaintiff, dismissing the complaint on the merits; and from

an order denying the motion made by the plaintiff for judgment on the pleadings.

Louis J. Gold, for appellant.

Joseph J. Schwartz, for respondents.

JAYCOX, J. This action is brought against the sureties to recover upon an undertaking upon an appeal. In an action brought by this plaintiff against Louis Rivkin and another the plaintiff recovered a judgment. The defendants thereupon appealed to the Appellate Term and an undertaking was executed by the defendants in this action as sureties, which undertaking was approved and filed. The undertaking was in the usual form. On December 1, 1915, the appeal was dismissed by the Appellate Term. Notice of the entry of this order was given to the sureties. Subsequently this action was commenced. No part of said judgment has been paid and an execution was issued upon said judgment subsequently to the dismissal of the appeal and was returned wholly unsatisfied. The facts stated in the complaint are not denied. The defendants allege as a defense that the attorney for the plaintiff served a notice of exception to the sureties and the attorney for the defendants in that action served a notice of justification and the sureties never justified. It was agreed between the attorneys, after the service of said notices, that instead of justification before the court affidavits as to their qualification be submitted, and on the return day neither the sureties nor either of the parties appeared. No affidavits were made and filed. No proceedings were had upon the above mentioned judgment between the time the undertaking was filed and the time the appeal was dismissed. On Octo-

ber 22, 1915, the attorney for the plaintiff wrote the attorney for the defendants asking for the affidavits which the attorney for the defendants had agreed to submit. Judgment was rendered for the defendants dismissing the complaint.

Prior to the trial which resulted in the present appeal, the plaintiff made a motion for judgment on the pleadings. The motion was denied and plaintiff seeks a review of the order entered thereon on this appeal. Upon the decision of that motion an opinion was written. No opinion was written upon the trial above mentioned. The decision of the court below seems to be based upon two propositions both of which I think are erroneous. The first is that the revision of the section of the law in relation to the effect of the failure of sureties upon undertakings upon appeal to justify has worked no change in the law and the second is that it would be inequitable to give effect to such change if made.

The Municipal Court Act (§ 315) which was in effect prior to September 1, 1915, so far as it affects the question involved in this case, read as follows: " The effect of a failure so to justify and procure an allowance is the same as if the undertaking had not been given."

Section 160 of the Municipal Court Code which went into effect September 1, 1915, the construction of which must govern the decision in this case, reads as follows: " If the sureties fail or refuse to justify after service of the notice of exception, the respondent may proceed as if no undertaking had been executed." Without suggestion from any source, any one reading the two sections would concede that a complete change had been made in the law. The language used is appropriate to make a change. Before the revision the

failure to justify left the parties in the same situation as if the undertaking had not been given. Since revision the failure of the sureties to justify has no effect upon the undertaking itself, but it does vacate the stay which the undertaking creates and permits the respondent to "proceed as if no undertaking had been executed." In one case the undertaking is wiped out and in the other the undertaking is left in full force and effect but the stay is vacated. No more appropriate and effective method of making a change occurs to me. This interpretation of these sections is strengthened and confirmed by the fact that the revisers intended to make a change. The municipal court commission in its report dated February 19, 1914, at page 88 said with reference to section 160 of the Municipal Court Code: "Note: Former section 315 amended so as to avoid the rule that when the sureties fail to justify they are relieved from liability unless the exception is withdrawn." I cannot escape the conclusion that the revisers succeeded in making just the change they intended to make and that the former rule has been completely abrogated. The contention that it is inequitable to enforce the law as it is now enacted in section 160 of the Municipal Court Code is based upon a reading of the reasoning in *Manning* v. *Gould*, 90 N. Y. 476. The reasoning in that case and in all other cases is limited to the facts and the law then under consideration and is applicable to other cases only in so far as the facts and law involved are analogous. The section of the Code of Civil Procedure under consideration in *Manning* v. *Gould* was section 1335, the material portion of which read: "The effect of a failure so to justify and to procure an allowance, is the same as if the undertaking had not been given." It will be observed at once that the law was different

from that now under consideration. In *Manning* v. *Gould,* upon the failure of the sureties to justify, the plaintiff moved to dismiss. This may have had no effect upon the decision but it certainly was a disaffirmance of the undertaking. He pursued a remedy inconsistent with his later claim that the undertaking was still in force and effect. The portion of the opinion in *Manning* v. *Gould* most relied upon is this sentence, " The respondent cannot have the dual right to enforce the judgment pending the appeal as if no undertaking had been given, and at the same time treat it as valid· security for the payment of the judgment." This assertion must be read in the light of the law then under consideration. There is nothing inherently wrong in permitting a judgment creditor to proceed against his judgment debtor pending an appeal where sureties have failed to justify and when the judgment is affirmed against the sureties. The only question is, does the law permit it? If in the sentence quoted above from *Manning* v. *Gould,* after the words " The respondent cannot " the writer had inserted " under the present law," the limitation which must be placed upon this reasoning would have been clear. The writer's intention to so limit is clear from the opinion itself. In distinguishing *Decker* v. *Anderson,* 39 Barb. 346, the court says: " Besides, the Code does not declare that the effect of a failure to so justify is the same as if no undertaking had been given." Again speaking of the same case the court said, " Furthermore the language of the Code under which the undertaking was given in that case is not the same as the present Code. The intent of the legislature to make the effect of a failure to justify and to procure an allowance the same as if an undertaking had not been given is more strongly expressed in the present Code

than it was in section 334 of the old Code." This shows clearly that all that was involved in that case was the interpretation of the law as it then existed and all that is involved in this case in the interpretation of the statute as it now exists.

Viewed from an equitable standpoint, the execution and filing of the undertaking procures some stay. Before an execution can issue the stay created by the filing of the undertaking must be annulled by a notice of exception and the failure of the sureties to justify. This may be but a few days but it may be of real importance to the judgment creditor and may also enable the judgment debtor to avoid payment. This is sufficient to afford a consideration for the undertaking and makes it entirely equitable to enforce the undertaking against the sureties.

Judgment reversed, with thirty dollars costs, and judgment directed in favor of the plaintiff for the full amount claimed, with appropriate costs in the court below.

CLARK and BENEDICT, JJ., concur.

Judgment reversed, with thirty dollars costs.