[S. F. No. 14995. In Bank.—January 23, 1935.]

R. McCOLGAN, Respondent, v. THOMAS SCOBLE et al., Defendants; A. J. HARWOOD et al., Appellants.

A. J. Harwood, *in pro. per.*, for Appellants.

Keyes & Erskine and J. Benton Tulley for Respondent.

Sullivan, Roche & Johnson, John L. McNab and Sidney M. Ehrman, as *Amici Curiae* on Behalf of Appellants.

CURTIS, J.—Plaintiff, in an action of ejectment, recovered judgment against defendants, Thomas and Alice Scoble, for the possession of the real property involved in said action and damages for the wrongful use and occupation of said property. The defendants appealed, and gave an undertaking staying execution with the appellants, A. J. Harwood and Hyman Harris, as sureties. Plaintiff excepted to the sufficiency of said sureties, and a day was noticed for their justification. The time thus noticed was by stipulation of the parties continued on several occasions, the last continuance carrying the time beyond the statutory period within which said sureties might justify. No further attempt was made to have said sureties justify, and no undertaking was given in the place of that executed by said sureties. Thereafter the appeal was dismissed by this court, upon the request of the defendants, Thomas and Alice Scoble. Upon the going down of the *remittitur*, and upon the motion of the plaintiff, the court entered judgment in his favor and against the defendant sureties for the amount specified in said undertaking as damages for the wrongful use and occupation of said premises and for costs. From this judgment against them, the sureties have appealed. The matter comes before us upon respondent's motion to dismiss the appeal or affirm the judgment.

Appellants' sole contention is that where the respondent on appeal excepts to the sufficiency of the sureties on an undertaking to stay execution, and the sureties fail to justify within twenty days after the appellant has been served with notice of such exception, the sureties are no longer bound, and judgment entered against them on the undertaking was erroneous. In support of this contention, the appellants cite section 948 of the Code of Civil Procedure, in pursuance of which said undertaking was given, which provides that unless the sureties justify within a period of twenty days, the execution is no longer stayed. Appellants argue that the respondent in such action cannot have the right to enforce the judgment and at the same time to hold the sureties.

The only authority bearing directly upon this question is the case of *Fried* v. *Rivkin,* reported in 96 Misc. 697 [161 N. Y. Supp. 94]. In that case, the statute provided, "if the sureties fail or refuse to justify after service of notice of exception, the respondent may proceed as if no undertaking had been executed". This quoted provision of the New York statute is substantially the same in effect as the provision of section 948 of the Code of Civil Procedure of this state, which fixes the liability of the defendant sureties in the present action and provides that unless they or other sureties justify, execution of the judgment, order, or decree appealed from is no longer stayed. In either case, the effect of the failure of the sureties to justify is simply that the execution is no longer stayed and the respondent may proceed to have execution issued as if no undertaking had been executed. In *Fried* v. *Rivkin, supra,* the question arose upon the construction of a section of the Municipal Court Code, which had been amended in 1915. Prior to said amendment the section read as follows: "The effect of a failure so to justify and procure an allowance (that is an approval of the undertaking by the court) is the same as if the undertaking had not been given." After said amendment, the language of the provision read as follows: "If the sureties fail or refuse to justify after service of the notice of exception the respondent may proceed as if no undertaking had been executed." In considering this section as amended the court said (p. 95), "Without suggestion from any source, any one reading the two sections would concede that a complete change had been made in the law. The language used is appropriate to make a change. Before the revision the failure to justify left the parties in the same situation as if the undertaking had not been given. Since revision the failure of the sureties to justify has no effect upon the undertaking itself, but it does vacate the stay which the undertaking creates, and permits the respondent to 'proceed as if no undertaking had been executed'. In one case the undertaking is wiped out, and in the other the undertaking is left in full force and effect, but the stay is vacated. No more appropriate and effective method of making a change occurs to me. This interpretation of these sections is strengthened and confirmed by the fact that the revisers intended to make a change." The court then re-

ferred to the report of the Municipal Court Commission, which proposed said amendment and which stated that the section was amended, "so as to avoid the rule that, when the sureties fail to justify, they are relieved from liability unless the exception is withdrawn".

Objection was made in that case, as is made by the appellants here, that such an interpretation of the bond would be inequitable as it would permit the judgment creditor to proceed against the judgment debtor pending the appeal, where the sureties have failed to justify, and when the judgment is affirmed, against the sureties. Answering this objection the court said (p. 97), "Viewed from an equitable standpoint, the execution and filing of the undertaking procures some stay. Before an execution can issue, the stay created by the filing of the undertaking must be annulled by a notice of exception and the failure of the sureties to justify. This may be but a few days, but it may be of real importance to the judgment creditor, and may also enable the judgment debtor to avoid payment. This is sufficient to afford a consideration for the undertaking, and makes it entirely equitable to enforce the undertaking against the sureties."

While the case of *Fried* v. *Rivkin, supra,* was decided by an inferior court, we do not find that any appeal was taken from the judgment or that it has ever been reversed. Neither do we find any other authority in conflict with the conclusion reached therein. It seems to us that its reasoning is sound and that its construction of the statute is unquestionably correct.

Appellants seek to overcome the force and effect of this decision by reference to other cases arising in the courts of New York and elsewhere, among which is *Manning* v. *Gould,* 90 N. Y. 476, which appears to be the leading case upon the subject and which was followed and formed the basis of the decisions in the other cases cited by appellants.

The controversy in each of these cases involved the consideration of a statutory provision entirely different from that which was applied in the case of *Fried* v. *Rivkin, supra.* In fact, the provision of the statute involved in all of the cases cited by appellants was substantially like the section of the Municipal Court Code, considered in *Fried* v. *Rivkin,*

*supra,* prior to its amendment in 1915, referred to above. This difference in statutes was clearly pointed out and distinguished by the court in *Fried* v. *Rivkin, supra.* The court thereafter referring to certain language in the decision of *Manning* v. *Gould, supra,* which the appellants claim is favorable to them, makes the pointed statement that, "This assertion must be read in the light of the law then under consideration." The law then under consideration was unlike the statute considered in *Fried* v. *Rivkin, supra,* in the same respèct as it differs from section 948 of the Code of Civil Procedure of this state. These authorities cited by appellants are not in point and do not in any way govern the decision in the present action.

Frequent reference is made in the briefs of counsel to the case of *Moffat* v. *Greenwalt,* 90 Cal. 368 [27 Pac. 296], which was an action on a bond given on appeal from a judgment rendered in the justice court, and which resulted in a judgment holding the sureties liable on their undertaking. Respondent relies upon that case as authority favorable to him, while the appellants seek to distinguish it from the present action. In our opinion, this case is readily distinguishable from the instant case. The section of the code, section 978 of the Code of Civil Procedure, as then in force, involved in that action, was not like the provision of section 948 of the Code of Civil Procedure, which governs the present action, but was substantially like the provision of the New York statute considered in *Manning* v. *Gould, supra. Moffat* v. *Greenwalt, supra,* is therefore in the same class with *Manning* v. *Gould, supra,* neither of which cases is controlling in the decision of any question involved in the present action. Under the authority of *Fried* v. *Rivkin, supra,* however, we are of the opinion that the appellants as sureties on the undertaking which was the subject of this action were not released by their failure to justify after the respondent had excepted to their sufficiency, and that they are bound by the judgment herein, which was entered against them for the amount specified in said undertaking.

These views render it unnecessary for us to answer the further questions raised by respondent, that he had waived the justification of said sureties, and that said judgment was not appealable.

The motion to dismiss the appeal is denied and the judgment is affirmed.

Preston, J., Langdon, J., Shenk, J., Seawell, J., Thompson, J., and Waste, C. J., concurred.

Rehearing denied.