KNICKERBOCKER TRUST CO. v. ONEONTA, C. & R. S. RY. CO. et al. .

(Supreme Court, Appellate Division, Third Department. March 7, 1906.)

PARTIES—DEFECT—REMEDY—MOTION TO BRING IN.

Under Code Civ. Proc. § 488, providing that, where there is a defect of parties appearing on the face of the complaint, defendant may demur thereto, section 498 providing that, where such defect does not so appear, the objection may be taken by answer, section 499 providing that, if such objection is not taken advantage of by demurrer or answer, defendant is deemed to have waived it, and section 452 providing that, where a complete determination of the controversy cannot be had without the appearance of other parties, the court must direct them to be brought in, whether parties sought by defendants to be brought into an action are proper or necessary parties is a question to be determined by the court on the trial of the action, and is not properly raised by motion subsequent to the interposition of the answer.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, §§ 123, 134, 145, 150.]

Appeal From Special Term, Otsego County.

Action by the Knickerbocker Trust Company, as trustee, against the Oneonta, Cooperstown & Richfield Springs Railway Company and others. From an order denying a motion to require plaintiff to make certain other parties defendants, defendants appeal. Affirmed.

This is an action to foreclose a mortgage made by the defendant Oneonta, Cooperstown & Richfield Springs Railway Company to the plaintiff as trustee to secure the payment of bonds of such company. The appellants are the owners of some of such bonds, and have intervened as parties defendant herein. They interposed an answer, among other things, alleging a defect of parties defendant, in that certain other persons, naming them, were owners of some of the bonds and necessary and proper defendants, and that without their presence a complete determination of the controversy could not be had. Subsequently the appellants moved at Special Term to require the plaintiff to make such persons parties defendant herein. From an order denying such motion this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Henry C. Henderson and William A. Davidson, for appellants. Charles E. Hotchkiss and Joseph F. Collins, for respondent.

COCHRANE, J. The motion was properly denied. Section 488 of the Code of Civil Procedure provides that, where there is a defect of parties appearing on the face of the complaint, the defendant may demur thereto. Where such defect does not appear on the face of the complaint, the objection may be taken by answer; and, if such an objection is not taken either by demurrer or answer, the defendant is deemed to have waived it. Code Civ. Proc. §§ 498, 499. Even if the objection is not taken by demurrer or answer, the court may on its own motion in a proper case, where a complete determination of the controversy cannot be had without the presence of other parties, direct them to be brought in. Code Civ. Proc. § 452. "Construing sections 452 and 499 together, their meaning is that a defendant, by omitting to take the objection that there is a defect of parties by demurrer or answer, waives on his part any objection to the granting of relief on

that ground, but when the granting of relief against him would prejudice the rights of others, and their rights cannot be saved by the judgment, and the controversy cannot be completely determined without their presence, the court must direct them to be made parties before proceeding to judgment." Osterhoudt v. Board of Supervisors of the County of Ulster, 98 N. Y. 243; Steinbach v. Prudential Insurance Company, 172 N. Y. 476, 65 N. E. 281.

Whether the parties sought by the appellants to be brought into the action were proper or necessary parties was a question to be determined by the court on the trial of the action. Such question was not properly raised by motion. The appellants pursued the proper practice in raising such question by answer, and were at liberty on the trial to litigate the issue thus raised, at which time the court would have properly disposed of the question having reference to the facts as then established. A defendant, however, cannot by motion dictate to a plaintiff whom the latter shall make defendants, thereby subjecting the plaintiff to the burden and perhaps the costs of a litigation with some third party which may possibly prove to be unsuccessful. Plaintiff has a right to select his own defendants, subject to the right of a defendant to raise the objection by demurrer or answer that the proper parties are not before the court. Plaintiff may, then, unless he prefers to bring in such parties, litigate with the defendant the question as to the propriety of the presence of such parties.

The order should be affirmed, with $10 costs and disbursements. All concur.