KNICKERBOCKER TRUST COMPANY, as Trustee, and on Behalf of the Supreme Court of the State of New York, County of Otsego, and for the Credit of the Action Pending in Said Court Between Said KNICKERBOCKER TRUST COMPANY, as Trustee, as Plaintiff, and ONEONTA, COOPERSTOWN AND RICHFIELD SPRINGS RAILWAY COMPANY and Others, as Defendants, Respondent, *v.* DANIEL M. LOUNSBURY and Others, as Executors, etc., of JOHN W. LOUNSBURY, Deceased, Defendants, Impleaded with EDGAR P. HOLDRIDGE and EDWARD C. WHITE, Appellants.

Third Department, November 13, 1907.

**Appeal — undertaking on stay of judgment not appealed from — justification of sureties not essential.**

An undertaking required as a condition for the granting of an order staying a sale on foreclosure pending an appeal from an order denying a motion to bring in other parties as defendants is an obligation enforcible against the parties filing the same, although the sureties have been excepted to and have not qualified.

Sections 1351 and 1335 of the Code of Civil Procedure, by virtue of which when the sureties on an undertaking to stay the execution of a judgment on an appeal to the Appellate Division have not justified the effect is the same as if the undertaking had not been given, have no reference to any security other than that given to stay the execution of the judgment or order *appealed from* and are not applicable to an undertaking required by the court on granting the postponement of a referee's sale under a judgment from which no appeal has been taken.

APPEAL by the defendants, Edgar P. Holdridge and another, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Otsego on the 19th day of April, 1907, upon the decision of the court, rendered after a trial at the Otsego Special Term, sustaining the plaintiff's demurrer to certain separate defenses in the said defendants' answer.

*Henry C. Henderson,* for the appellants.

*Charles E. Hotchkiss,* for the respondent.

Interlocutory judgment affirmed, with costs, on the opinion of GLADDING, J., at Special Term.

All concurred.

The following is the opinion delivered at Special Term :

GLADDING, J. :

In December, 1905, an action was pending between the Knickerbocker Trust Company, as plaintiff, and the Oneonta, Cooperstown and Richfield Springs Railway Company and others, as defendants, to foreclose a mortgage upon the property of the defendant railway company. The defendants Lounsbury herein were also defendants in that action, and made a motion therein to compel the plaintiff to bring in certain other persons named as defendants therein. Their motion was denied, and they appealed to the Appellate Division from the order denying such motion. (*Knickerbocker Trust Co.* v. *Oneonta, C. & R. S. R. Co.*, 111 App. Div. 812.) The foreclosure action proceeded to judgment, and the referee appointed therein to sell had advertised to sell the property on February 27, 1906.

The defendants Lounsbury, in anticipation that a decision of the Appellate Division might not be rendered before the sale, "moved in said action before the Hon. CHARLES E. PARKER * * * for an order staying the said referee from making said sale under said judgment pending the determination of said appeal from said order." Mr. Justice PARKER stayed the referee under said judgment from making the sale until March 13, 1906, upon the condition that the defendants Lounsbury should file an undertaking with two sureties, conditioned that if the order appealed from should be affirmed, or the appeal dismissed, said defendants should pay the deficiency arising upon the operation of the railway property by the receiver between February 27, 1906, and March 13, 1906.

Thereupon the undertaking set forth in the complaint, and upon which this action was brought, was signed and executed by the defendants Holdridge and White, and duly filed.

The sale by the referee was postponed until March 13, 1906, and the deficiency arising upon the operation of the railway property by the receiver between the dates above mentioned amounted to $965.73, which the plaintiff seeks to recover in this action.

The defendants Holdridge and White have interposed an answer wherein they allege as a separate defense to the action against them that the plaintiff's attorneys in the foreclosure action duly excepted to the sufficiency of the sureties, Holdridge and White, in said

undertaking, and that such sureties failed, neglected and refused to justify, and the allowance of said undertaking was not obtained, and thereby the undertaking became null and void and they were released from all obligation thereon.

To this defense the plaintiff has demurred upon the ground that the same is insufficient in law upon the face thereof.

The defendants Holdridge and White base their claim that the exception to the sufficiency of the sureties and their failure to justify released them from liability under sections 1335 and 1351 of the Code of Civil Procedure.

Section 1335 is contained in title 2 of chapter 12 of the Code, and relates to the giving of an undertaking by an appellant upon an appeal to the Court of Appeals. It says : " It is not necessary that the undertaking should be approved," but the respondent may except to the sufficiency of the sureties, and if he does so except the sureties must justify as therein set forth. " The effect of a failure so to justify and procure an allowance is the same as if the undertaking had not been given."

Section 1351 is contained in title 4 of chapter 12, and is entitled " Appeal to the Appellate Division of the Supreme Court." It reads : " An appeal  *  *  *  must be taken within thirty days after service  *  *  *  of a copy of the judgment · or order appealed from.  *  *  *  Security is not required to perfect the appeal; but, except where it is otherwise specially prescribed by law, the appeal does not stay the execution of the judgment or order appealed from unless the court in or from which the appeal is taken, or a judge thereof, makes an order directing such a stay. Such an order may be made, and may, from time to time, be modified, upon such terms as to security or otherwise as justice requires. If security is given, either as a condition of granting the order, or as prescribed in the next section, the provisions of title second of this chapter apply thereto.  *  *  * "

It will thus be seen that when, in an appeal to the Appellate Division from a judgment or order, a stay of " the execution of the judgment or order appealed from " is procured and " security is given,  *  *  *  the provisions of title second of this chapter apply thereto."

The security must be by way of an undertaking subject to an

exception to the sufficiency of the sureties, and if they fail to justify the undertaking becomes null and void and the sureties relieved from liability. (*Manning* v. *Gould*, 90 N. Y. 476, 480; *Hoffman* v. *Smith*, 34 Hun, 485–487; *Ginsburg* v. *Kuntz*, 60 id. 504.)

But a careful reading of section 1351 will show that it relates wholly to an undertaking or security given to "*stay* the execution of the judgment or *order appealed from.*" The undertaking upon which this action is brought was not given to stay the execution of the order appealed from. It was required by the court to stay a judgment of foreclosure and sale, which judgment had not been appealed from, and from which no appeal was contemplated. The order appealed from was not stayed. The sections invoked have no reference to any security other than that given to stay the execution of the judgment or order appealed from. Section 1335 is, by the last clause of section 1351 quoted above, read into the latter section the same as though it were a part of it. They provide that "It is not necessary that the undertaking should be approved," but it is subject to exception to the sureties and the effect of a failure to justify. The justice who granted the stay of the sale under the judgment which was not appealed from provided that the undertaking to effect the stay must be approved — thereby recognizing that it was not the undertaking required by section 1351, that it was not an undertaking specially prescribed by the Code, but it was one specially prescribed by the court to meet the exigencies of the case — a case where the appellant was asking for the postponement of a sale under a judgment from which no appeal had been taken, for the purpose of getting a decision, before the sale, of an appeal from an order, the execution of which was not stayed.

My conclusion is that the plaintiff's demurrer must be sustained.