BERNHARD GINSBURG, APPELLANT, *v.* LENA KUNTZ AS EXECUTRIX OF JOSEPH KUNTZ AND OTHERS, RESPONDENTS.

*Undertakings — where an action is suspended by the death of a party, and sureties, excepted to before the death, fail after the death to justify within the statutory time, they are discharged — withdrawal of exceptions after the death.*

The sureties upon an undertaking given on an appeal from a final judgment, recovered in the City Court of New York by one Bernhard Ginsburg against one Joseph Kuntz, were excepted to by Ginsburg. The last day for justification was May twelfth, for which day notice of justification was given. On May tenth Joseph Kuntz died, and no justification took place at any time. After May twelfth, and before the action had been revived, the attorney who had acted for Ginsburg attempted to withdraw his exception to the sureties.

*Held,* that such attempt was a nullity.

That as the sureties did not justify on May twelfth, they were discharged under section 1335 of the Code of Civil Procedure, which provides that the effect of such failure "is the same as if the undertaking had not been given."

*Semble,* that a withdrawal of exceptions or a waiver of justification, served after the action had been revived, and after the administratrix of Joseph Kuntz had been substituted as a defendant, would not prevent the sureties, who had not justified within the statutory time, being discharged.

APPEAL by the plaintiff Bernhard Ginsburg from a judgment entered in the clerk's office of the county of New York on the 9th day of February, 1891, dismissing the complaint in this action after a trial before the court at the New York Circuit, a trial by jury having been waived.

*L. A. Gould,* for the appellant.

*James W. McElhinney,* for the respondents.

BARRETT, J. :

This action is upon an undertaking on appeal to the General Term of the City Court. The plaintiff excepted to the sureties. Notice of justification was then given, and such justification was adjourned, from time to time, until finally it was set down for the 12th of May, 1890. Upon the 10th of May, 1890, the defendant in the action died, and, consequently, the sureties failed to justify on the twelfth. Nothing further was done until the 23d of June, 1890, when the executrix of the deceased defendant was substituted as appellant, and this was followed, in October of the same year, by the dismissal of the appeal for non-service of papers.

We have said that nothing further was done after the defendant's death until the substitution of the executrix as appellant. An attempt, however was made on the sixth of June to withdraw the exception to the sureties by the service of a notice of such withdrawal. This notice was signed by the plaintiff's attorney in the suit, which was as yet unrevived, addressed to the attorneys who had acted for the defendant in that suit in his lifetime. These attorneys at once replied to the notice, stating that the sureties had refused and failed to justify. This notice of June sixth was a complete nullity. The waiver of justification or the withdrawal of the exception was a step in the action, and it is clear that no step could be taken in the action, after the death of the defendant, until the appeal had been regularly continued and the legal representative of the defendant brought in. But even if the notice had been served over again after the substitution of the executrix, it would not have availed the plaintiff, for the reason that the failure to justify on the twelfth of May released the sureties upon the undertaking.. (*Manning* v. *Gould*, 90 N. Y., 476.) This case is entirely in point. There one of the sureties appeared upon the day appointed for the justification, and then, learning of the defendant's death, refused to sign his examination, while the other surety, for the same reason, refused to appear. Here the sureties did not appear upon the twelfth of May, and did not then express their refusal to proceed. But this distinction is immaterial. The material fact is that they did not and could not justify. The defendant was dead, and, the justification being a step in the action,

could not proceed until the revival of the appeal in due course. There is no provision of the Code to meet such a case, and the sureties could not have justified under any new or authorized notice after the substitution of the executrix as appellant. The stay of proceedings fell with the death of the defendant and the failure of the sureties to justify. And, further, the subsequent refusal of the sureties to justify was as effective, if such an expression of refusal were needed, as the refusal of the sureties in *Manning* v. *Gould*. For whether such refusal was expressed on the day appointed for the justification or on a subsequent day is certainly unimportant, as the defendant was dead on the earlier day. The plaintiff was at liberty to proceed upon his judgment immediately after the refusal to justify on the twelfth of May. Nothing stopped him thereafter, except the provisions of the law forbidding the issuance of an execution against a decedent's estate without leave of the court. If a stay had been sought after the substitution of the executrix as appellant, such executrix would have been compelled to make a special application to the court, when a stay could have been granted to her upon proper terms. A new undertaking might then have been required, but certainly the old undertaking could not have been revived and made to serve as such security. We have, no doubt, therefore, that by the force of section 1335 of the Code of Civil Procedure, as interpreted in the case cited, the sureties, having been excepted to and having failed to justify, were discharged of all liability under the undertaking.

The judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and PATTERSON, J., concurred.

Judgment affirmed, with costs.