LEWIN et al. v. TOWBIN.

(Supreme Court, Appellate Division, First Department. May 11, 1900.)

**1. EXECUTIONS—ISSUANCE ON TRANSCRIPT FILED.**

Under Code, § 3220, providing that, on filing a transcript of a municipal court judgment with the clerk of the county of New York, the judgment is deemed to be a judgment of the supreme court, on which execution may issue, plaintiff, after filing a transcript, may have execution issued by the clerk of the supreme court.

**2. APPEAL—STAY OF EXECUTION—UNDERTAKING—SURETIES—JUSTIFICATION.**

Code Civ. Proc. §§ 1335, 3050, which, by New York City Charter, § 1367, are made applicable to appeals from municipal court judgments, provide that, if appellant desires a stay of execution, he must give a written undertaking, with approved sureties, and respondent's attorney may, within 10 days after service of a copy of the undertaking, notify appellant's attorney that he excepts to the sufficiency of the sureties, who within 10 days thereafter must justify, or the effect will be the same as though no undertaking had been given. *Held*, that where an undertaking was filed in an appeal taken from the municipal court, and the time set for the sureties to justify was more than 10 days after service of notice excepting to their sufficiency, the justice had no jurisdiction to determine their sufficiency, and the case was as though no undertaking had been filed, and execution could issue on the judgment.

Appeal from special term, New York county.

Action by Julius Lewin and another against Bernard Towbin. From an order vacating an execution (64 N. Y. Supp. 254), plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, PATTERSON, and INGRAHAM, JJ.

Robert L. Turk, for appellants.
Abraham B. Schleimer, for respondent.

INGRAHAM, J. This action was commenced in the municipal court of the city of New York, and a judgment was obtained by the plaintiffs against the defendant on December 30, 1899. Thereafter the defendant appealed to the supreme court, and filed with the clerk of the municipal court an undertaking, a copy of which is not annexed to the record, but it is alleged to have been "regular upon its face." It appears that no copy of this undertaking was served upon the plaintiffs' attorney, but was served upon the sheriff of the county of New York. The plaintiffs' attorney, having received notice of this undertaking from the sheriff, examined the same in the office of the clerk of the municipal court, and on January 4, 1900, caused a notice of exception to the sureties upon the undertaking to be served on the defendant's attorney. The plaintiffs' attorney received from the defendant's attorney on January 13, 1900, a paper purporting to be a notice that

the sureties upon the undertaking would justify on Thursday, January 18, 1900, before the justice of the municipal court, and that an application would then be made to approve the undertaking. This notice was returned to the defendant's attorney with a notice that the same was served too late, and that the plaintiffs elected to treat the same as a nullity. The plaintiffs then proceeded as if no undertaking had been given. They procured a transcript of the judgment, and filed the same in the office of the clerk of the county of New York, and procured from such clerk an execution, which they caused to be issued to the sheriff, who proceeded to make a levy under it. The defendant then made a motion in the district court to vacate this execution, which motion was denied by the justice of the district court upon the ground of want of power; but he granted leave to apply to the supreme court, whereupon this motion was made to vacate the execution, as having been issued while the proceedings of the plaintiffs were stayed by reason of the undertaking, which motion was granted, and from an order granted upon that motion the plaintiffs appeal.

Upon filing the transcript of the judgment with the clerk of the county of New York, the judgment "is deemed to be a judgment of the supreme court"; and "an execution upon a judgment so docketed may be issued, at the option of the judgment creditor, either by the county clerk, directed by the sheriff, or by the clerk of the district court, directed to a marshal." Code, § 3220. The judgment having thus, for the purpose of enforcement, become a judgment of the supreme court, the plaintiffs had the right to have an execution issued by the clerk of the court, unless their proceedings were stayed by giving the undertaking before referred to. By the charter of the city of New York (section 1367) it is provided that:

"An appeal from a judgment rendered in the municipal court of the city of New York may be taken to the supreme court in the cases and in the manner prescribed in articles first and second of title 8 of chapter 19 of the Code of Civil Procedure."

These articles include the provision for giving security upon an appeal. By section 3050 of the Code it is provided that:

"If the appellant desires a stay of execution, he must give a written undertaking, executed by one or more sureties, approved by the justice who rendered the judgment, or by a judge of the appellate court. * * * A copy of the undertaking, with a notice of the delivery thereof. must be served with the notice of appeal and in like manner. Section 1335 of this Code applies to such an undertaking."

Section 1335 provides that the—

"Attorney for the respondent may, within ten days after the service of a copy of the undertaking with notice of the filing thereof, serve upon the attorney for the appellant, a written notice that he excepts to the sufficiency of the sureties. Within ten days thereafter, the sureties, or other sureties in a new undertaking to the same effect, must justify before the court below, or a judge thereof, or a referee appointed by the same, or a county judge. At least five days' notice of justification must be given. * * * The effect of a failure so to justify and procure an allowance, is the same as if the undertaking had not been given."

It is quite clear that the defendant failed to comply with this section. No copy of the undertaking was served upon the plaintiffs' attorney. Assuming, however, that a failure to serve a copy of the

undertaking was waived by the plaintiffs' attorney serving a notice that he excepted to the sufficiency of the sureties, he was then required within 10 days thereafter to cause the sureties upon the undertaking, or other sureties, to justify before the court, notice of such justification to be given at least 5 days before the time at which the sureties were to appear to justify. The statute does not require that the notice must be served within 10 days, but that the sureties must justify within 10 days; and, if they failed so to justify (that is, to justify within 10 days), the effect was the same as if the undertaking had not been given. The defendant was advised of the fact that the notice was served too late, by its return to him by the plaintiffs. The plaintiffs were not bound to attend in court upon a day named, as they were entitled to treat the undertaking as void upon the failure of the defendant to procure the justification of the sureties within the 10 days specified. The learned judge below seems to have been impressed with the thought that there had been an adjudication by the municipal court as to the regularity of the proceeding, and that the justification was in time; but this, it is quite clear, was error. The justice had jurisdiction to determine whether the sureties were sufficient, if they appeared before him within 10 days after service of the notice excepting to the sufficiency of the sureties. If, however, they did not appear to justify within the 10 days, the statute provided the penalty, and that was that the action was to proceed as if no undertaking had been given. An allowance of the undertaking by default after the 10 days had expired did not affect this express provision of the Code, and make valid what the Code said was a void undertaking. We think that there was no stay of the proceedings, and that the plaintiffs had the right to issue the execution, and it was error to vacate it.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.