SANFORD MURRAY, Respondent and Appellant, *v.* THE CITY OF NEW YORK, Appellant and Respondent.

*Motion to dismiss a complaint — decision reserved, and a verdict thereafter directed for the plaintiff without any objection — whether the verdict is contrary to evidence or to law alone considered — no decision can be filed or excepted to — a street commissioner of Rockaway Beach was a subordinate — New York city.*

Where the court presiding at a jury trial reserves its decision on a motion to dismiss the complaint, made by the defendant when the plaintiff rested, and the defendant does not renew such motion after all the proof is in or request the court to submit any question of fact to the jury, whereupon the court directs a verdict for the plaintiff, to which the defendant takes no exception, no authority exists authorizing the court to file a decision and the defendant to file an exception to such decision.

In such a case the defendant must be held to have acquiesced in the direction of the verdict, and the only question, arising upon an appeal from an order denying the defendant's motion for a new trial made upon the minutes, is whether the verdict is contrary to the evidence or contrary to law.

A street commissioner of the village of Rockaway Beach, although a public officer, held a subordinate position within the meaning of section 1536 of the Greater New York charter (Laws of 1897, chap. 378), transferring incumbents of such positions to duty in the consolidated city of New York.

APPEAL by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 21st day of February, 1900, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 5th day of March, 1900, denying the defendant's motion for a new trial made upon the minutes.

Also, an appeal by the plaintiff, Sanford Murray, from an order of the Supreme Court, made at the Westchester Special Term, bearing date the 15th day of October, 1900, as resettled by an order made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 7th day of November, 1900, directing the plaintiff or his attorneys to cause to be filed and served upon the defendant a copy of the decision in the case.

Also, an appeal by the plaintiff, Sanford Murray, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the

3d day of December, 1900, directing the plaintiff's attorneys to receive defendant's exceptions to the decision.

*John J. Lenehan,* for the plaintiff.

*William J. Carr* [*James T. Malone* with him on the brief], for the defendant.

SEWELL, J.:

This action was commenced December 23, 1898, to recover for services alleged to have been rendered the defendant from January 1 to April 21, 1898. When the plaintiff rested the defendant moved to dismiss the complaint. The court reserved its decision and asked the defendant if he had any testimony to offer. The defendant's attorney replied to the inquiry by renewing the motion upon other grounds, and the decision was reserved. A witness was then called and sworn in behalf of the defendant. When all the proof was in the defendant did not renew the motion to dismiss or request the court to submit any question of fact to the jury, and the court directed a verdict for the plaintiff. The defendant took no exception to this direction, and a verdict for the plaintiff was entered as directed.

Subsequently the defendant made a motion for a new trial upon the minutes. The motion was denied, and the plaintiff entered judgment on February 21, 1900. On March twenty-second the defendant appealed from the judgment and order denying a motion for a new trial, the case on appeal was settled by the stipulation of the parties and filed on May 11, 1900. On October ninth defendant obtained an order to show cause why the plaintiff or his attorney should not be compelled to serve a copy of the decision of the court in the above-entitled action, and an order was entered on October fifteenth, granting the motion and directing the plaintiff to serve and file a copy of said decision within ten days after service of said order. The justice before whom the action was tried, to enable the plaintiff to comply with the order, on November ninth signed a paper wherein the proceedings upon the trial and the facts in the case were recited, and he purported to find and decided that the plaintiff was entitled to recover on account of his service the amount of said verdict, and that he was entitled to judgment therefor. The

defendant filed and served exceptions to said decision, and obtained an order to show cause why the defendant should not be relieved from its stipulation, and the case resettled by inserting the decision and the defendant's exception therein. An order was entered on November twenty-second granting said motion, and from each of said orders the plaintiff appealed.

There is no provision of the Code or other authority for the decision or the exceptions. The only provision made for a decision of the court and exceptions after a trial by a jury is in section 1185 of the Code, which provides that where the case presents only questions of law the judge may direct the jury to render a verdict subject to the opinion of the court. In such a case the judge holding the Trial Term may, at the same term, set aside the verdict and direct judgment to be entered for either party, and exceptions to such direction may be taken as prescribed in section 994 of the Code. (Code, § 1185.) Where a verdict is ordered subject to the opinion of the court the whole case is before the Appellate Division upon its merits. (Code, § 1234.) The question then is, which is entitled to judgment on the uncontradicted facts? No new trial can be ordered and no judgment can be entered until after the court has passed upon the questions of law, unless the judge holding the Trial Term at the same term sets aside the verdict and directs judgment to be entered. It does not appear by the records in this case that the court directed the verdict subject to the opinion of the court, or that the verdict was set aside by the trial judge at that or any other term, and the contention upon this appeal being that the judgment should be reversed upon exceptions, it is manifest from the practice, as well as from the facts, that the direction of the verdict was absolute in its terms; that it was not subject to the opinion of the court, and that these words in the judgment are mere surplusage.

The defendant had the right to object to the direction of the verdict, and if counsel wished to preserve the point for the consideration of this court he should have done so. Not having spoken when he ought (Code, § 995), he cannot avail himself of an exception filed more than eight months thereafter. He must be held to have acquiesced in the direction; and the only question for our consideration arises upon the appeal from the order denying the motion for a new

trial, and is whether the verdict is contrary to the evidence or contrary to law.

This action is based upon the proposition that the plaintiff was transferred to the service of the city of New York under and pursuant to section 1536 of chapter 378 of the Laws of 1897, known as the Greater New York charter. Under the provisions of that section all the subordinates and employees in any branch of the public service, in each of the several municipal corporations consolidated, were, so far as practicable, required to be assigned as nearly as might be to perform the same service and in the same part of the city, and to hold the same relative rank or position in the city constituted by said act, as he performed and held previous to the consolidation of the municipal corporations. The section also provides that the persons so assigned shall be deemed to hold and shall hold the respective positions to which they may be assigned, until removed as therein provided, and that their assignment to service shall not be deemed or construed to be a new appointment, but shall be deemed to be and shall be a continuation of the appointment theretofore held by them.

It appears that the plaintiff was assigned or transferred to the department of highways by the detailed plan prepared and adopted pursuant to the provision of this section, and that he continued in that department, performing services for the city substantially the same as those performed by him as street commissioner of the village of Rockaway Beach, until April 21, 1898, when he was appointed inspector of streets.

The defendant contends that the plaintiff was not a subordinate within the meaning of section 1536 of the charter; that he was an officer and, therefore, not lawfully included in the plan of transfer. It is true that the plaintiff, as street commissioner of the village of Rockaway Beach, was a public officer, made so by the act which created the office that he filled, but that does not control; he was still a subordinate officer. This is manifest by the character of his duties. He was not the head of a department, and was not charged with the performance of any independent duty. The board of trustees of the village had exclusive control and supervision of the streets and public grounds (The Village Law [Laws of 1897, chap. 414], § 141), and the plaintiff was wholly subject to its direction and control. In *People ex*

*rel. Jacobus* v. *Van Wyck* (157 N. Y. 495) the court held that the term "position" in the statute was intended to embrace all subordinate places in the public service, and all officers subject to the direction and control of superior officers. There can be no doubt that the plaintiff's office was of such a character that his right to a position was preserved by the terms of section 1536 of the charter; and that the Legislature has power to continue the appointment of a subordinate officer of a municipal corporation after the extinguishment or merger of that political organization has been held in several well-considered cases. (*People ex rel. Brymer* v. *Gray*, 32 App. Div. 458; *People ex rel. Tate* v. *Dalton*, 34 id. 6; affd., 158 N. Y. 204; *Quintard* v. *City of New York*, 51 App. Div. 233.)

We are also of the opinion that the verdict is not contrary to the facts, or excessive. There was no conflict in the evidence. The plaintiff testified distinctly and positively that he was employed every day, and that he was always on duty. He also testified in regard to the location of the village and the action of the tide, which justified the inference that Sunday work was a necessary part of his duty. It is only work not needful that is prohibited by the statute, and it cannot be assumed that the plaintiff was engaged in any unlawful act, or that he transgressed the law.

It follows that the order denying the defendant's motion for a new trial and the judgment should be affirmed, with costs; and that each of the orders appealed from by the plaintiff must be reversed, with ten dollars costs and disbursements.

All concurred.

Judgment and order denying motion for new trial affirmed, with costs. Order directing service of copy of decision and order amending case reversed, with ten dollars costs and disbursements.