RIDDLE v. MACFADDEN et al.

(Supreme Court, Special Term, New York County.   October 12, 1908.)

1. APPEAL AND ERROR — UNDERTAKING—ACCEPTION BY RESPONDENT OF SURE-.
TIES—EXCEPTION TO SUFFICIENCY OF SURETIES.
    Under Code Civ. Proc. § 1335, authorizing respondent to except to the
sufficiency of the sureties on an undertaking on appeal, and requiring the
sureties, or other sureties in a new undertaking, to justify, etc., where
respondent excepts to the sufficiency of the sureties and they do not jus-
tify, they are discharged from liability.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error,
§ 4737.]

2. SAME.
    The validity of an undertaking on appeal, after the intentional failure of
the sureties to justify after exception by respondent, cannot be determined
on motion in the action, but only in an action on the undertaking.

Action by Felicite Skiff Riddle against Beman A. Macfadden and
others.   On motion to cancel and vacate an undertaking on appeal.
Denied.

Rufus L. Weaver, for plaintiff.
Charles P. Rogers, for defendant Macfadden.

GIEGERICH, J.   The sureties upon the undertaking on appeal in-
tentionally failed to justify after being excepted to, and this applica-
tion is made in their behalf, as well as on behalf of the appellant, to
vacate such undertaking.

Waiving for the time being all questions as to the sufficiency of
the motion papers, it seems to me, after careful consideration, that
the motion should be denied upon the merits.   Section 1335 of the
Code of Civil Procedure, so far as applicable, provides:

"It is not necessary that the undertaking should be approved, but the at-
torney for the respondent may, within ten days after the service of a copy of
the undertaking with notice of the filing thereof, serve upon the attorney for
the appellant a written notice that he excepts to the sufficiency of the sureties.
Within ten days thereafter, the sureties, or other sureties in a new under-
taking to the same effect, must justify before the court below, or a judge
thereof, or a referee appointed by the same, or a county judge.   At least five
days' notice of the justification must be given.   *   *   *   The effect of a failure
so to justify and procure an allowance is the same as if the undertaking had
not been given."

Under these provisions the respondent had the option either to
accept the sureties or to except to their sufficiency.   Having elected to
take the latter course, he necessarily ran the risk of being left with-
out security for 10 days, or until the sureties justified, which, as seen,
they never did, and such failure to justify had the effect of discharg-
ing them from all liability upon the undertaking.   Manning ·v. Gould,
90 N. Y. 476; Ginsburg v. Kuntz, 60 Hun, 504, 15 N. Y. Supp. 237.

It is urged by the appellant that the relief herein sought should be
granted in the action in which the undertaking is filed, and that the
court ought not to compel the sureties ' to wait until an action is
brought against them on their undertaking and they were put to the
cost of defending the same to determine their liability.   No authority

has been cited in support of the position so contended for, and the appellant's counsel frankly states in his brief that he has not been able to find any direct case in point. Neither have I been able, after diligent research, to find any authority bearing directly upon the question; and in the absence of authority I think, under all the circumstances shown, that the validity of the undertaking should be determined in an action brought thereon, rather than upon this motion.

Motion denied, but without costs.