(162 App. Div. 119)

FINKELSTEIN v. PUNIE.   (No. 5687.)

(Supreme Court, Appellate Division, First Department.   May 1, 1914.)

1. APPEAL AND ERROR (§ 1225*) — SURETIES ON APPEAL UNDERTAKING — LIABILITY.

Under Code Civ. Proc. § 1335, declaring it not necessary that an appeal undertaking be approved, but allowing respondent's attorney, after notice of its filing, to except to the sufficiency of the sureties, and giving them or other sureties in a new undertaking 10 days in which to justify in the court below, and making the effect of a failure to justify the same as if the undertaking had not been given, which, by section 1341 is made applicable to appeals to the Supreme Court from an inferior court, a surety on an undertaking on appeal from a judgment of the city court, to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

whose sufficiency respondent excepted and who refused to justify, was relieved from liability on the undertaking.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4729-4733; Dec. Dig. § 1225.*]

2. PRINCIPAL AND SURETY (§ 194*)—RIGHTS OF SURETY—CONTRIBUTION.

In such case a cosurety who was examined, and after approval of the undertaking was obliged to pay the judgment, could not inforce contribution as against the cosurety who had refused to justify.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 605–623; Dec. Dig. § 194.*]

3. APPEAL AND ERROR (§ 381*)—APPEAL UNDERTAKING—EXCEPTION TO SURETY —WAIVER.

Under Code Civ. Proc. §§ 1335, 1341, allowing respondent's attorney to except to the sufficiency of the sureties on the appeal undertaking, giving such sureties 10 days in which to justify in the court below, and making the effect of a failure to justify the same as if the undertaking had not been given, parties to an action may waive justification even after exception and allow the undertaking to stand as approved without a formal approval by the judge within the time allowed to justify.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2029-2035; Dec. Dig. § 381.*]

Laughlin and Scott, JJ., dissenting.

Appeal from Appellate Term, First Department.

Action by Herman Finkelstein against Isadore Punie. Determination affirming judgment of the City Court, and plaintiff appeals. Affirmed.

See, also, 160 App. Div. 883, 144 N. Y. Supp. 1115.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Charles Goldzier, of New York City, for appellant.

Sidney J. Loeb, of New York City (Alfred B. Nathan, of New York City, on the brief), for respondent.

INGRAHAM, P. J. [1-3] I think the determination of the Appellate Term was right and should be affirmed. I do not understand that the provision with respect to the failure of the surety to justify was enacted primarily for the benefit of the respondent on appeal. Nor do I see how that is at all material. The provision in question, section 1335 of the Code of Civil Procedure, is under the title of the Code that relates to appeals to the Court of Appeals, and this is made applicable to appeals to the Supreme Court from an inferior court by section 1341 of the Code. That section 1335 provides that it is not necessary that the undertaking should be approved, but the attorney for the respondent might within ten days after the service of a copy of the undertaking with notice of the filing thereof serve upon the attorney for the appellant a written notice that he excepts to the sufficiency of the sureties. Within ten days thereafter, the sureties, or other sureties in a new undertaking to the same effect, must justify before the court below, or a judge thereof, or a referee appointed by the same, or a county judge. If the court or judge finds the sureties sufficient, he must indorse his allowance of them upon the un-

dertaking, or a copy thereof, and a notice of the allowance must be served upon the attorney for the exceptant. Then follows this provision:

"The effect of a failure so to justify and procure an allowance is the same as if the undertaking had not been given."

The meaning of this section seems to be plain. If an exception to the sureties is taken, the sureties, or other sureties in a new undertaking to the same effect, must justify within ten days. If, after such justification, the judge allows the undertaking, the sureties remain liable, and, when the undertaking is given to stay a judgment, the judgment is stayed. Undoubtedly the parties to the action could waive justification, even after the sureties thus excepted to, or the attorney for the respondent could withdraw the exception and allow the undertaking to stand as approved even without a formal approval by the judge, within the time which by the provision of the section the sureties are required to justify. When the ten days have expired, the Code then in express terms regulates the effect of a failure to justify, i. e.:

"The effect of a failure so to justify and procure an allowance, is the same as if the undertaking had not been given."

If the undertaking is not so "approved," the proceedings to enforce the judgment are not stayed. It would be unjust to hold the sureties liable to pay the judgment when the giving of the undertaking has been ineffective for any purpose. The respondent may except to the sufficiency of the sureties by failing to file exceptions. If he files exceptions, he gives notice both to his opponent and to the sureties that he has not accepted them; but, to make the undertaking effective for any purpose, they must justify within ten days after notice is given. When that fact is communicated to the surety, he has the option either to continue to remain upon the bond as a surety, or to be relieved of his responsibility as a cosurety by refusing to justify.

In this case the surety was notified that the respondent had excepted to his sufficiency and he was asked to justify. He refused, thus evincing an unwillingness to longer remain a surety. Whether that fact was communicated to the respondent's attorney or not seems to me entirely immaterial. He knew that he had excepted to the sufficiency of the sureties. He also knew that the surety had failed to justify within ten days allowed and there was no written stipulation extending the time for the surety to justify. His incidental conversation with the attorney for the appellant, it seems to me, is entirely without effect to bind the surety or to avoid the consequences which from the section of the Code (section 1335) itself follow from a failure of the surety to justify. The surety was entirely justified in considering himself relieved from further obligation on the undertaking, and therefore from taking any further steps to protect himself. Certainly, if no undertaking had been given, the surety could not be liable to the plaintiff in the action or to contribute to the other surety on the bond, and yet the Code expressly says (section 1335) that the

result shall be the same as if no undertaking had been given. In Manning v. Gould, 90 N. Y. 476, this section of the Code was before the Court of Appeals, and the court said:

"The meaning of this language is too obvious to admit of doubt. Failure of the sureties to an undertaking upon an appeal to justify, when excepted to, defeats entirely the object and purpose of the undertaking."

The court then, speaking of the option of the respondent to refuse to accept the sureties tendered by the undertaking except upon condition that they appear before the judge, are examined as to their responsibility, and the judge approves them after such examination, calls attention to the option that the appellant has, either to give notice of the justification of the sureties, or to tender other sureties to a new undertaking, to the same effect, who must justify before the court below or a county judge, and adds:

"If he does neither, then the case stands as if no attempt to give an undertaking had been made. No reason can be suggested why the respondent should be permitted to disregard the undertaking and proceed upon the judgment as if none had been given, and yet have all the advantages that the undertaking was intended to secure. * * * The undertaking was tendered by the appellant and rejected by the respondent; and never perfected by the appellant. It is unnecessary to determine whether or not the exceptant might have waived her exception at any time before the refusal of the sureties to justify. No waiver in this case was made or attempted."

Then it was held that the sureties were not bound. Apparently what I have quoted from that case seems to me to expressly apply to this case at bar. This construction was also upheld in Hoffman v. Smith, 34 Hun, 485.

In this case, the respondent never did withdraw his exception to the sufficiency of the defendant as a surety. He examined the other surety, and, being satisfied with his solvency, consented to the approval of the undertaking without further investigation. Just what effect this had upon the liability of the surety who has justified is not necessary for us to determine, but there was no withdrawal of the exceptions to the sufficiency of the defendant as a surety, and he never justified, but positively refused to justify, and certainly, as to him, it must be held that the condition was the same as if the undertaking had not been given.

The determination should therefore be affirmed, with costs.

McLAUGHLIN and DOWLING, JJ., concur.

LAUGHLIN, J. (dissenting). This is an action by one surety on an undertaking, given to stay execution of a judgment in an action in the City Court pending an appeal therefrom, against his cosurety for contribution. By the undertaking the sureties jointly and severally undertook that if the judgment or any part thereof should be affirmed, or the appeal dismissed, they would pay it, or the part thereof affirmed.

The appeal was duly dismissed, and the plaintiff in that action then sued the sureties, the plaintiff and defendant herein, in the City Court on the undertaking. He recovered a judgment against the plaintiff,

but the complaint was dismissed as against the defendant on the ground that he refused to justify and that the undertaking thereupon ceased to be binding upon him, and to that the plaintiff herein made no objection. The plaintiff herein, however, appealed from the judgment against himself, and it was affirmed by the Appellate Term. Seidman v. Finkelstein, 76 Misc. Rep. 549, 135 N. Y. Supp. 648. He then paid the judgment and brought this action for contribution.

At the close of the evidence herein, on the suggestion of the court, both parties moved for the direction of a verdict; and thereupon the court directed a verdict in favor of the plaintiff subject to the opinion of the court. The record does not show any assent on the part of the plaintiff to the direction of the verdict subject to the opinion of the court; nor does it show any objection or exception thereto. On the suggestion of the court, counsel for defendant thereupon moved to set aside the verdict on all the grounds specified in section 999 of the Code of Civil Procedure, excepting the ground of insufficiency of damages. The court thereafter, without the consent of the plaintiff, entered judgment setting aside the verdict and awarding judgment in favor of the defendant for costs.

The facts having been found in favor of the plaintiff by the verdict directed for him, the court was without power to change its determination on the facts under the authority reserved by directing the verdict subject to the opinion of the court, and to determine them adversely to him, and was only at liberty to set aside the verdict and direct judgment for the defendant if, as matter of law on all controverted facts found in favor of the plaintiff, the defendant was entitled to judgment. See Code of Civil Procedure, § 1185; Matson v. Farm Buildings Ins. Co., 73 N. Y. 310, 29 Am. Rep. 149; Murray v. City of N. Y., 60 App. Div. 541, 69 N. Y. Supp. 959; Baker v. Appelton & Co., 107 App. Div. 358, 95 N. Y. Supp. 125; Adam v. Roscoe Lumber Co., 159 N. Y. 176, 53 N. E. 805. Doubtless the court had the right, on the motion made by the defendant, to set aside the verdict and grant a new trial on the ground that the verdict as directed was against the weight of the evidence. There was one issue which I think was material, and only one, on which the evidence was conflicting. The plaintiff in the action in which the undertaking was given duly excepted to the sufficiency of the sureties on the 2d day of March, 1911. Notice of justification under date of March 6, 1911, was duly given for March 11th. The justification was adjourned by formal stipulation in writing by the attorneys for the parties to the action until March 13th, and by oral stipulation between the attorneys from time to time after that date until March 22d. In the meantime, the plaintiff had justified. The defendant was not aware that the respondent on the appeal in the action in which the undertaking was given had excepted to the sufficiency of the sureties, or that they were required to justify, until the 20th day of March, when he was notified thereof by the attorney for the appellant in that action, and he thereupon refused to appear and be examined for the purpose of justifying. The attorney for the appellant in that action testified that he notified the attorney for the respondent therein that the defendant herein refused to justify and that the attorney for the

respondent therein first stated that he would move to dismiss the appeal, but finally said that he desired to have the appeal proceed and would waive the justification inasmuch as the other surety had justified, and both attorneys being of opinion that the justification could be waived and that both sureties would be bound by the undertaking thereupon and on the 28th day of March, 1911, entered into a formal stipulation in writing reciting that the plaintiff herein had justified and that the exception to the sureties was withdrawn and that the undertaking was approved as sufficient. The attorney for the respondent on that appeal, however, testified that he was never informed, in words or in substance, that the defendant herein refused to justify, but was merely informed by the attorney for the appellant in that action that "he found it difficult to get him down to justify," and that he was not aware of the fact that the defendant had refused to justify until the trial of the action against both sureties. For the purpose of deciding this appeal, therefore, it must be deemed to have been found by the court in directing the verdict that neither the respondent on the appeal, nor his attorney was aware of the fact that the defendant herein refused to justify prior to the execution of the formal stipulation withdrawing the exception to the sureties on the undertaking.

The only statutory provisions relating to the effect of the failure of sureties to justify after notice of exception to their sufficiency are contained in section 1335 of the Code of Civil Procedure, which by other sections are made applicable to appeals to the Appellate Term and to the Appellate Division (see Lewin v. Towbin, 51 App. Div. 477, 64 N. Y. Supp. 740), and those material to the decision of the questions presented by the appeal are as follows:

. "It is not necessary that the undertaking should be approved; but the attorney for the respondent may, within ten days after the service of a copy of the undertaking with notice of the filing thereof, serve upon the attorney for the appellant a written notice that he excepts to the sufficiency of the sureties. Within ten days thereafter, the sureties, or other sureties in a new undertaking to the same effect, must justify before the court below, or a judge thereof, or a referee appointed by the same, or a county judge. At least five days' notice of the justification must be given. * * * If the court or judge finds the sureties sufficient, he must indorse his allowance of them upon the undertaking, or a copy thereof, and a notice of the allowance must be served upon the attorney for the exceptant. The effect of a failure so to justify and procure an allowance, is the same as if the undertaking had not been given. * * *"

It is manifest that the provisions with respect to the failure of the sureties to justify, and of the appellant to procure an allowance of the justification, were enacted primarily for the benefit of the respondent on the appeal and to enable him to proceed in disregard of the undertaking and enforce the judgment if such justification and allowance are not procured. The respondent on such appeal is under no obligation to except to the sufficiency of the sureties and thus afford them an opportunity by refusing to appear and justify, to avoid the liability which they assumed. However, it has been held that the sureties are given some rights by these provisions. The only point decided by the Court of Appeals in Manning v. Gould et al., 90 N. Y.

476, was that the respondent, who had given notice requiring the sureties to justify, and, on their refusal to justify, elected, after the lapse of the period for justification, to disregard the undertaking, could not thereafter hold the sureties on the undertaking. In Hoffman v. Smith, 34 Hun, 485, the respondent on the appeal on which the undertaking was given knew, before he attempted to withdraw his notice requiring the sureties to justify, that they had refused to justify, and it was held that after such refusal it was too late for him to withdraw the notice requiring them to justify. That decision has been acquiesced in so long, although the views expressed in Ginsburg v. Kuntz, 60 Hun, 504, 15 N. Y. Supp. 237, in which it was not cited, are not in all respects in accord with it, that probably it should be accepted as authority; but it should be limited to the facts on which the adjudication was made, for, to say the least, it is a most liberal construction of the statute, which was designed to regulate the rights of the parties to a litigation, in favor of the sureties who have been procured to execute an undertaking to enable them to prosecute the litigation.

The statute literally construed relates to the failure of the appellant on the appeal in which the undertaking is given to have the sureties justify and to have their justification allowed, and to the effect of such failure upon the rights of the parties to the action. There is no express provision of the statute with respect to the refusal of sureties to justify, or with respect to notice to the respondent of the attitude of the sureties concerning justification. It is well settled that the respondent may without consent of the sureties withdraw or waive his notice requiring the sureties to justify. Goodwin v. Bunzl, 102 N. Y. 224, 6 N. E. 399; Gibbons v. Berhard, 16 N. Y. Super. Ct. 635. See, also, Steinbock v. Evans, 122 N. Y. 551, 25 N. E. 929, and Ballard v. Ballard, 18 N. Y. 491. It would seem that his rights should not be affected by a refusal on the part of the sureties to justify, unless, at least, he has notice or knowledge of such refusal. If these provisions of law are to be construed as enacted for the benefit of the sureties, then it would seem that it should be held that the liability of sureties after notice, not to them but to the attorney for the appellant, requiring justification, depends not upon their attitude with respect to justifying, but upon whether or not they in fact justify within the prescribed period. That, however, is not the construction that has been given by the courts. It has been held that it is competent for the attorneys for the parties to the action in which the undertaking is given to adjourn the justification from time to time, even beyond the prescribed period (Zwecker v. Levine, 135 App. Div. 432, 120 N. Y. Supp. 425; Hoffman v. Smith, supra; Ginsburg v. Kuntz, supra), and that it is competent for them, without consulting the sureties, to stipulate orally for the withdrawal of the notice requiring the sureties to justify (Zwecker v. Levine, supra).

On the assumption, therefore, that the attorney for the respondent in the action in which the undertaking was given was not aware that the defendant herein refused to justify, I find nothing in the statute, and I see no reason on principle, to preclude him from stipulating with the attorney for the appellant therein to accept the under-

taking after one of the sureties has justified and to withdraw the notice requiring justification. It seems to me that it would be an unreasonable construction of the statute to hold that the appellant, in whose behalf the surety has volunteered to execute the undertaking and to whom alone notice of exception to the sufficiency of the sureties is required to be given, should be permitted by stipulation between him and the respondent to have the benefit of the undertaking, and that the surety is released from liability on the mere fact that he informed the appellant, or the latter's attorney, that he would not justify, without communicating such information to the attorney for the respondent. Since it is well settled that the respondent may withdraw the notice requiring the sureties to justify, I think it follows logically that he should be permitted to withdraw that notice at any time while the proceeding for the justification has been kept alive and before he becomes aware of the fact that the surety refuses to justify.

I am of opinion, therefore, that the determination of the Appellate Term should be reversed, with costs, and the judgment of the City Court reversed, with costs, but that a new trial should be granted, to the end that there may be a proper determination of the material fact as to whether or not the attorney for the respondent in the action in which the undertaking was given knew, before withdrawing the notice requiring the sureties to justify, that the respondent herein had refused to justify.

SCOTT, J., concurs.