(93 Misc. Rep. 461)

### FRIED v. RIVKIN et al.

(Municipal Court of City of New York, Borough of Brooklyn, Seventh District. January, 1916.)

Courts ⬤190(4)—Municipal Courts—Sureties on Appeal Bonds.

>  Municipal Court Code (Laws 1915, c. 279) § 160, providing that, if the sureties on an appeal bond fail to justify after service of the notice of exception, the respondent may proceed as if no undertaking had been executed, is to be construed the same as Code Civ. Proc. § 1335, and old Municipal Court Act (Laws 1902, c. 580) § 315, and the failure of sureties on an appeal undertaking to justify after service of notice of exception to their sufficiency discharges them from all liability.

>  [Ed. Note.—For other cases, see Courts, Dec. Dig. ⬤190(4).]

Action by David Fried against Morris Rivkin and others. Motion by plaintiff for judgment on the pleadings denied.

Louis J. Gold, of New York City, for plaintiff.
Joseph J. Schwartz, of Brooklyn, for defendants.

RICHARDS, J. This is an application by plaintiff for judgment on the pleadings. The action is brought to recover on an appeal bond given by defendants on October 5, 1915, to stay execution of a judgment on appeal in the case of Fried v. Rivkin et al. Defendants admit (or rather do not sufficiently deny) the allegation of the complaint, but set up as a defense the fact that the plaintiff excepted to the sufficiency of the sureties, and that "such sureties failed and refused to justify after service of the said notice of exception as aforesaid."

Defendants claim that their failure and refusal to justify discharged them from liability on the bond, and cite section 315 of the old Municipal Court Act, section 160 of the new Municipal Court Code, and the following cases: Manning v. Gould, 90 N. Y. 476, Finkelstein v. Punie, 162 App. Div. 119, 147 N. Y. Supp. 317, and Riddle v. Mac-Fadden, 60 Misc. Rep. 569, 112 N. Y. Supp. 498. These cases construe so much of section 1335 of the Code and section 315 of the Municipal Court Act as reads:

> "The effect of a failure so to justify and procure an allowance, is the same as if the undertaking had not been given"

—and hold that the effect of such provision is to discharge sureties who fail to justify. But under the new Municipal Court Code (section 160) the wording has been changed to read:

> "If the sureties fail or refuse to justify after service of the notice of exception, the respondent may proceed as if no undertaking had been executed."

---

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The commission which framed this provision in their report state that:

"Former section 315 amended so as to avoid the rule that when sureties fail to justify they are relieved from liability unless the exception be withdrawn."

The question then arises as to whether such change in the wording accomplished the object which seems to have been intended by the commission. I think not. The words of the old section seem first to have been construed by the Court of Appeals in Manning v. Gould, supra, and the reason there given for holding the sureties to be discharged seems to apply with equal force to the wording of the new section. On page 480 the court said:

"Failure of the sureties to an undertaking upon an appeal to justify, when excepted to, defeats entirely the object and purpose of the undertaking. Where security is required in order to perfect the appeal, the appeal from the judgment is not perfected, and the party having the judgment may proceed thereon as if no appeal had been taken. Where security is not required to perfect the appeal, but is required to stay the execution of the judgment, the judgment may be enforced pending the appeal as if no undertaking to stay the execution thereof had been given. So much is clear. The remaining question to be considered is whether the respondent may insist upon his right to disregard the appeal or the stay of proceedings, as the case may be, because of the failure of the sureties to justify, and at the same time hold the sureties upon their undertaking. We think not. Upon the service of a notice of appeal with an undertaking the respondent may accept the undertaking and thereupon it becomes effectual and the sureties will be bound. But he may say: 'I will not accept the sureties tendered by the undertaking except upon condition that they appear before the judge, are examined as to their responsibility, and the judge approves them after such examination.' Thereupon the appellant may undertake to meet this condition, and give notice of justification of the sureties, or he may tender other sureties in a new undertaking, to the same effect, who must justify before a judge of the court below or a county judge. If he does neither, then the case stands as if no attempt to give an undertaking had been made. No reason can be suggested why the respondent should be permitted to disregard the undertaking and proceed upon the judgment as if none had been given, and yet have all the advantages that the undertaking was intended to secure. The only object and purpose of the undertaking was to stay the execution of the judgment until the appeal had been heard and determined. The respondent cannot have the dual right to enforce the judgment pending the appeal as if no undertaking had been given, and at the same time treat it as valid security for the payment of the judgment. The undertaking was tendered by the appellant and requested by the respondent, and never perfected by the appellant."

It will be seen at once that this argument applies with equal force to a provision which states that "the effect of the failure so to justify and procure an allowance is the same *as if the undertaking had not been given*" and a provision that "*the respondent may proceed as if no undertaking had been executed.*" It will be noticed that the Court of Appeals, in its argument above, uses the words "as if no undertaking had been given," which is, with the exception of the word "given," exactly the same as the words of the new Municipal Court Code. For these reasons I conclude that section 160 of the new Municipal Court Code must be construed the same as section 1335 of the

Code of Civil Procedure and section 315 of the old Municipal Court Act.

The sureties were discharged by their failure to justify. Ordered accordingly.